UNITED STATES v. ONE 1939 PLYMOUTH DE LUXE TUDOR SEDAN AUTOMOBILE, ETC.

No. 953–Civ–T.

District Court, S. D. Florida.

Oct. 25, 1945.

D. Newcomb Barco, Jr., Asst. U. S. Atty., of Tampa, Fla., for the Government.

Pat Whitaker, of Tampa, Fla., and Alvan Rowe, of Bradenton, Fla., for defendant.

BARKER, District Judge.

The Government filed information-libel for the forfeiture of One 1939 Plymouth DeLuxe Tudor Sedan Automobile; the owner of said automobile, Roy Pope, duly filed his answer to said information-libel, denying that said motor vehicle was subject to forfeiture.

Mason Tison filed a claim to said automobile based upon a mortgage lien which was executed some time prior to said seizure and said Tison posted bond under 18 U.S.C.A. § 646(d), and said automobile was thereupon delivered to him.

The information-libel alleged the existence at a designated place, as well as the seizure of an illicit distillery set up for the purpose of manufacturing distilled spirits with intent to defraud the United States of the tax imposed upon said distilled spirits, and also alleged the seizure at the same time and place of 24 gallons of cane syrup; one 10-gallon gasoline pressure tank and burner, and one 1939 Plymouth DeLuxe Tudor Sedan Automobile (the subject of this forfeiture proceeding); said information-libel further alleged that the 24 gallons of cane syrup was proper and intended for use in the manufacture of distilled spirits; and further alleged that the 10-gallon gasoline pressure tank and burner was proper and intended for use in the operation of said illicit distillery for the manufacture of distilled spirits, with intent to defraud the United States. Said information-libel further alleged that on May 21, 1945, and at different other times, the exact times being unknown, the automobile here involved had been used for the transportation and removal to said illicit distillery of large quantities of syrup and mechanical parts, fixtures and appurtenances, designed for use in a distillery, which syrup, mechanical parts, fixtures and appurtenances were proper and intended to be made use of in the operation of said illicit distillery for the purpose of manufacturing distilled spirits, with intent to defraud the United States of its tax thereon.

This forfeiture proceeding is brought under and bottomed upon Section 3450 of the Revised Statutes, 26 U.S.C.A. Int.Rev. Code § 3321, which provides as follows:

"(a) Every person who *removes, deposits, or conceals,* or is concerned in *removing, depositing,* or *concealing* any *goods* or commodities for or in respect whereof any tax is or shall be imposed, with intent to de-

fraud the United States of such tax or any part thereof, shall be liable to a fine of not more than $5,000 or be imprisoned for not more than 3 years, or both. * * *

"(1) Goods. *Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud* the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited.

"(2) Packages. In every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, shall be forfeited.

"(3) Conveyances. Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the *removal* or for the *deposit* or *concealment thereof,* respectively, shall be forfeited."

The evidence introduced by the Government shows that there was an illicit distillery set up in a building located on the premises described in said information-libel; that said premises were owned by a person other than the owner of this automobile. The evidence further shows the presence at said building on the same afternoon the automobile in question was seized of other persons, as well as another automobile, and no connection was shown as between the other persons and this automobile or the owner of this automobile. The evidence merely shows, insofar as this automobile is concerned, that it was driven up near this building late in the afternoon and the occupant of the car was seen to take from the building in which the said distillery was later found, some empty cans which he placed in the automobile, which empty cans contained dregs of mash; that nothing was carried from said automobile to the building in which said distillery was set up; that upon the seizure of said automobile there was found a condenser on the back seat of said automobile; the evidence on behalf of the Government further shows that the distillery in said building was complete, had a condenser in good order attached, and, in fact, that said distillery had been in recent operation, it being still warm, and there was no showing that the condenser in said

automobile had any connection with said distillery in any way, or was intended to be used in connection with said distillery; there was no evidence that the condenser in the car would even fit or could be used in the operation of said distillery. In fact, the evidence on behalf of the Government rebutted any pretended use of said condenser, in that the evidence shows that there was no need for said condenser to be used in the operation of said distillery.

■ Now, this brings us to the question: The mere placing of empty cans which had the smell of mash and some dregs of mash in said automobile, which cans were carried from the building in which said illicit distillery was located to said car, and the presence of the condenser in said car—is this showing sufficient to justify forfeiture under the above quoted statute? I think not. Neither the said cans nor the condenser was subject to any tax. The mere presence of the automobile at the scene is entirely and wholly insufficient on which to base an order of forfeiture under the above statute. In order to justify such an order under the evidence introduced in this proceeding, this court would have to hold that the mere presence of the automobile at the scene was sufficient to decree a forfeiture. It is the opinion of the court that under the evidence introduced this automobile in question is not subject to forfeiture under the above statute.

■ This being a forfeiture statute, it must be construed, at least, with reasonable strictness against the Government, and the burden rests upon the Government to clearly establish by proof that this automobile was used to *remove* some of the articles mentioned in the information-libel, with intent to defraud the Government of its tax. No allegation is made in said information-libel with reference to said empty cans or said condenser found in said automobile, neither are said articles subject to any tax.

The conclusion of the court arrived at in this case is supported by the decisions of: United States v. One Kissel Touring Automobile, D.C., 289 F. 120; United States v. One 1939 Chevrolet Sedan, D.C., 35 F. Supp. 142; United States v. One 1942 Studebaker, D.C., 59 F.Supp. 835 and cases therein cited; Price v. United States, 5 Cir., 150 F.2d 283; United States v. One Studebaker Sedan, D.C., 56 F.Supp. 809; and United States v. One Plymouth Sedan, D.C., 45 F.Supp. 461.

The court concluding that said automobile under the showing made is not subject to forfeiture, it therefore becomes unnecessary to pass upon and determine the merits of the claim of the mortgagee at this time.

It is, therefore, considered, adjudged and ordered that the information-libel be, and the same is hereby, dismissed as to said automobile, and forfeiture of said automobile is denied, and the bond on which said automobile was released to the claimant, Mason Tison, be, and the same is hereby, ordered returned to him.