ONE FORD TUDOR AUTOMOBILE, 1946 MODEL, MOTOR NO. 99A1229317 v. UNITED STATES.

No. 12114.

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1947.

W. Riley Cunningham and E. K. Windham, both of Booneville, Miss., for appellant.

Chester L. Sumners, U. S. Atty., of Oxford, Miss., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The owner of the subject automobile and the owners of other cars involved were arrested in Prentiss County, Mississippi, on a charge of selling whiskey without a retail liquor dealer's license.

Libels were filed against the automobiles in question, charging their use in the transportation of whiskey sold in retail, and in the retail liquor business without the payment of the retail liquor dealer's license required by Section 3250, Title 26, U.S.C.A. Int. Rev. Code. Forfeiture was prayed under provisions of both Sections 3321 and 3116 of Title 26, U.S.C.A. Int. Rev. Code.

It appears from the record that four other libels were pending before the court at the same time. Since each libel involved the same facts, and each claimant had filed the same motion to dismiss, by agreement of the parties, all five of the cases were consolidated for hearing. The same principles of law apply to each case.

The owners of the automobiles waived indictment and entered pleas of guilty to a two count information charging the carrying on of a retail liquor business without a license, in violation of Section 3253, and removal, deposit and concealment, in violation of Section 3321, both of Title 26. Violations of Section 3321 were charged on the retail transactions. The whiskey involved was tax paid other than the failure to buy the retail liquor dealer's license.

The owners filed motions to dismiss the libels on the ground that they stated no cause for forfeiture and on the ground, mainly relied on, that the offense complained of was governed by Section 3253 of Title 26, and, therefore, there could be no forfeiture under the provisions of any other section of the United States Code Annotated.

The lower court overruled the motions to dismiss, and entered a final order of forfeiture.

Decision must turn upon the question of whether an automobile used in the retail sale of whiskey without a retail liquor dealer's license, as required by Section 3250, subjects the automobile to forfeiture under the provisions of Sections 3116 and 3321, either or both, and whether prosecution under Section 3253 for violation of Section 3250 is a bar to forfeiture.

We are of opinion, and so hold, that sections 3116 and 3321 disclose a clear intent of Congress to forfeit to the government automobiles used in violation of internal revenue laws with intent to defraud the United States, regardless of penalties imposed in other sections of the Code. United States v. Windle, 8 Cir., 158 F.2d 196; Kent v. United States, 157 F.2d 1; United States v. 3,935 Cases of Distilled Spirits, D.C., 55 F.Supp. 84; Sieb v. United States, 8 Cir., 150 F.2d 673; One 1941 Buick Sedan v. United States, 10 Cir., 158 F.2d 445.

We find no reversible error in the record. Affirmed.