## UNITED STATES v. 1947 FORD DE LUXE COUPE et al.
### Civ. No. 220–T.

United States District Court
N. D. Florida, Tallahassee Division.

Oct. 10, 1949.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for libelant.

Weldon G. Starry, Tallahassee, Fla., for respondents.

De VANE, District Judge.

James Terrell Ganey was charged on six counts in an indictment with unlawfully carrying on the business of a retail liquor dealer, without the procurement of a retail liquor dealer's license, as required by Title 26 U.S.C.A. § 3250(b) (I). The indictment charged a violation of 26 U.S. C.A. § 3253. The defendant entered pleas of nolo contendere on each of the counts and after the hearing was adjudged guilty.

The whiskey involved was tax paid and the only offense charged was the failure of defendant to purchase the required retail liquor dealer's license. At the time of the arrest of defendant an automobile and a quantity of tax paid liquor, owned by defendant, were seized and a libel of information filed for their confiscation.

The facts in the case are not in dispute. They were stipulated by counsel for the parties. The facts disclose that on six different occasions tax paid whiskey was purchased by an employee of the State Beverage Department. On the last of these occasions a representative of the Federal Government was brought into the case and witnessed the sale. When the defendant, after the sale, was called upon to produce his Federal license to carry on the busi-

ness of a retail liquor dealer he admitted he had not yet obtained any license for such purpose, whereupon he was arrested and charged with all six sales. He was operating in a dry county where it was unlawful to sell intoxicating liquor of any kind.

The evidence shows that the liquor in question was stored in the trunk of defendant's automobile, parked in the rear of the premises where he carried on his lawful business as a retail dealer in beer. When a customer desired to make a purchase of tax paid whiskey defendant went to his automobile and got it. However, he was not charged in the indictment returned against him with a violation of § 3321, Title 26 U.S.C.A. but only § 3253 of said Title.

The libel of information in this case is filed under §§ 3116 and 3321, Title 26 U.S.C.A. Section 3253, supra, under which the indictment was returned, carries its own forfeiture provisions for a violation of this Section and the question before the Court is whether the Government is restricted to these forfeiture provisions of this Section, or whether it may resort to other forfeiture statutes in this case.

Plaintiff relies upon the case of One Ford Tudor Automobile v. United States, 5 Cir., 164 F.2d 1020. In that case defendant had been charged with violation of § 3321, entered a plea of guilty thereto and was adjudged guilty of a violation of that Section. That Section, like § 3253, under which this indictment was returned, carries its own forfeiture provisions and the libel of information was filed to enforce the forfeiture provisions of that Section. Clearly the forfeiture provisions of the Section could be enforced against defendant in that case, therefore, the case is not controlling.

 The offense here charged is only one against the public revenue. One can sell tax paid liquor in a dry county, in Florida, to his heart's content, so far as the Federal law is concerned, if he secures the occupational license required by § 3250(b) (1), Title 26 U.S.C.A., as amended.

There are numerous provisions in the Federal law providing penalties for different violations of the tax laws and to apply the penalty provisions of many of these Sections to trivial cases such as this would be stretching the law a little too much. The Court is of the opinion that since the indictment in this case charged only a violation of § 3253, the pains and penalties prescribed by that Section are the only ones applicable here. The Section provides for the confiscation of the whiskey seized but not for the automobile.

The court, therefore, holds that §§ 3116 and 3321, Title 26 U.S.C.A. under which the libel of information was filed, are not applicable to this case and that the forfeiture provisions of § 3253 are controlling.

An appropriate order will be entered providing for the confiscation of the whiskey seized, but not the automobile.