**UNITED STATES v. GANEY.**

No. 13136.

United States Court of Appeals
Fifth Circuit.

June 30, 1950.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., George Earl Hoffman, U. S. Atty., Pensacola, Fla., for appellant.

Weldon G. Starry, Tallahassee, Fla., for appellee.

Before HOLMES, WALLER, and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from the district court's refusal to order a forfeiture of an automobile used to violate the Internal Revenue Laws in the sale of tax-paid whiskey without the required retail liquor dealer's license. The undisputed facts are as follows:

James T. Ganey operated a place of business in Leon County, Florida, where it was unlawful to sell intoxicating liquors of any kind. An employee of the State Beverage Department bought tax-paid whiskey from him on six different occasions. On the last of these occasions, a representative of the federal government was with the state employee, and witnessed the sale. The whiskey was stored in the trunk of Ganey's automobile, which was parked in the rear of the premises, where he carried on his lawful business as a retail dealer in beer. On each of the occasions, the whiskey sold was taken from the back of this automobile. After the last sale had been made, Ganey was called upon to produce his federal retail liquor dealer's license. He admitted that he had not yet obtained the license, giving as his reason the fact that he did not have the money with which to purchase it.

Ganey was arrested, and charged in a six-count indictment with unlawfully carrying on the business of a retail liquor dealer, without the procurement of the retail liquor dealer's license required by Section 3250(b)(1), 26 U.S.C.A. The indictment charged a violation of 26 U.S.C.A. § 3253. Ganey entered pleas of *nolo contendere* on each of the six counts, and was adjudged guilty. At the time of said arrest, the automobile, out of the back of which the whiskey was sold, and a quantity of tax-paid whiskey, were seized, and a libel of information was filed for their confiscation. The libel of information was filed under Sections 3116 and 3321 of Title 26 U.S.C.A. On November 10, 1949, the lower court rendered a final judgment forfeiting to the libelant the spirits seized, but denying forfeiture of the automobile. The question presented is

183 F.2d—18

whether the car was subject to forfeiture under the provisions of Sections 3116 or 3321 of Title 26 U.S.C.A., and whether a prosecution of the retailer under 26 U.S.C.A. § 3253, for violation of Section 3250, is a bar to the forfeiture of such automobile.

Although the indictment against the owner of this car, and the forfeiture proceeding, arose from the same transaction, they are completely independent of each other, and should not be confused. Ganey was indicted under 26 U.S.C.A. § 3253, for a violation of Section 3250(b) (1), and on pleas of *nolo contendere* to each of the six counts was adjudged guilty. The libel of information was filed under 26 U.S.C.A. §§ 3116 and 3321, and is an entirely independent proceeding from the one under which the indictment was drawn. For this reason, we need only to decide whether or not the government is restricted to the forfeiture provisions of Section 3253, under which the indictment was drawn, or whether it may resort to the other forfeiture statutes under which the libel of information was filed.

It seems clear to us that Congress, in enacting Section 3116, intended to aid enforcement of revenue laws relating to intoxicating liquors by providing for forfeiture in any case of intended violation of those laws. A construction of Section 3116 which would preclude its application to a case in which some other forfeiture provision might conceivably be invoked would tend to nullify its effectiveness as a revenue enforcing measure, and would thwart the plain purpose of Congress in enacting it. This section provides for the forfeiture of property used in any violation of the internal revenue laws.

We are of the opinion now, and have so held in at least two prior decisions, that Sections 3116 and 3321 disclose a clear intent of Congress to forfeit to the government automobiles used in violation of internal revenue laws with intent to defraud the United States, regardless of penalties imposed in other sections of the Code. See Kent v. United States, 5 Cir., 157 F.2d 1, certiorari denied 329 U.S. 785, 67 S.Ct. 297, 91 L.Ed. 673; One Ford Tudor Automobile v. United States, 5 Cir., 164 F.2d 1020.

This automobile, which was used to carry on the business of a retail liquor dealer, who had not paid the required tax, is subject to such a forfeiture under Sections 3116 and 3321 of 26 U.S.C.A. even though the dealer was found guilty of a violation of Section 3253, 26 U.S.C.A.

For the reasons above stated, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

WALLER, Circuit Judge (dissenting).

The hauling of liquor in the automobile, or the concealing of liquor in the automobile, was not the offense with which the appellee here was charged. On the contrary, he was charged in six separate counts with having on six separate occasions unlawfully carried on the business of a retail liquor dealer without having purchased a $27.50 retail liquor dealer's license, as required by Section 3250, Title 26 U.S.C.A. He pleaded *nolo contendere,* was convicted, and received sentence of the Court. The section under which he was convicted for carrying on the business of a retail liquor dealer without a license was Section 3253, Title 26 U.S.C.A., which is part of the chapter dealing with occupational license taxes, the pertinent part of which reads as follows: "Any person who shall carry on the business of a brewer, rectifier, wholesale liquor dealer, retail liquor dealer, wholesale dealer in malt liquors, retail dealer in malt liquors, or manufacturer of stills, and willfully fails to pay the special tax as required by law, shall, for every such offense, be fined not less than $100 nor more than $5,000 and be imprisoned for not less than thirty days nor more than two years. And all distilled spirits or wines, and all stills or other apparatus, fit or intended to be used for the distillation or rectification of spirits, or for the compounding of liquors, owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery or rectifying establishment, or in any building, room, yard, or enclosure connected therewith and used with or constitut-

ing a part of the premises, shall be forfeited to the United States."

Thus it should be observed that the section under which appellee was charged with the failure to pay the occupational license tax has its own special penalty and its own special forfeiture provision which authorize the forfeiture only of distilled spirits, stills, or other apparatus fit or intended to be used in distillation, compounding, or rectification of spirits and personal property found in the distillery or enclosure connected therewith, and used with, or constituting a part of, the premises. That this statute did not include an automobile is conceded by the United States and no right of forfeiture is claimed thereunder or based thereon. Concededly the *liquor* seized was subject to forfeiture under that section, but these proceedings for forfeiture were brought under Section 3321 of Title 26 U.S.C.A., and Section 3116 of Title 26 U.S.C.A.

Section 3321, supra, provides in part:

"Every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine of not more than $5,000 or be imprisoned for not more than 3 years, or both.

"(b) Forfeiture (1) Goods.

"Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited.

\*     \*     \*     \*     \*     \*

"(3) Conveyances.

"Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

The defendant-libelee here was not informed against or indicted under Section 3321. He, therefore, did not plead guilty, nor was it proven or stipulated that he made use of the car in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with the intent to defraud the United States of such tax, for the reason that the liquors herein involved were tax-paid and no tax was imposed thereon which had not been paid. Clearly, therefore, Section 3321 was not applicable and did not authorize the forfeiture of the automobile in question. In fact, in oral argument, counsel for the libelant frankly expressed doubt as to the applicability of this section to the forfeiture.

This forces the Government to rely entirely on Section 3116 of Title 26 U.S.C.A. which reads as follows: "It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws, or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of the Act of June 15, 1917, 40 Stat. 228 (U.S.C., Title 18, §§ 611–633), for the seizure of such liquor or property. Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal-revenue laws, or of any other law. The seizure and forfeiture of any liquor or property under the provisions of this part, and the disposition of such liquor or property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such liquor or property, shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition of property or proceeds, for violation of the internal-revenue laws."

I think that it should be deemed that in providing that nothing in this section "shall in any manner limit or affect any criminal or forfeiture provision of the internal-revenue laws," Congress clearly intended to make it definite that such statute was not

to interfere with any special statute, or statute dealing with any particular subject, such as Section 3253, supra, relating to occupational license taxes.

It should also be kept in mind that Section 3116, supra, is Section 8 of Chapter 740 of the Act of August 27, 1935 [49 Stat. 874], dealing with industrial alcohol. That, perhaps, is another reason why Congress carefully provided that "Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal-revenue laws."

However, even if Section 3116 is considered as a part of the general revenue laws of the United States, the special provisions relating to forfeitures for carrying on the business of a retailer without a license, under Section 3253, would be controlling as against such general legislation. See MacEvoy Company v. U. S., 322 U.S. 102, 64 S.Ct. 890, 894, 88 L.Ed. 1163, holding: "* * * However inclusive may be the general language of a statute, it 'will not be held to apply to a matter specifically dealt with in another part of the same enactment. * * * Specific terms prevail over the general in the same or another statute which otherwise might be controlling.' Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 323, 76 L.Ed. 704."

But even if we regard the provisions of Section 3116, supra, that it shall be unlawful to have or possess "property intended for use in violating the provisions of this part, or the internal-revenue laws" and that "no property rights shall exist in any such liquor or property," as controlling over the special provisions of Section 3253, supra, as the Government insists we must, there could still be no forfeiture of an automobile under such statute since the automobile was not used in committing the offense of *failing to pay* the occupational license tax.

Without doubt, the defendant here had used the automobile for the purpose of concealing the liquor but not for the purpose of concealing liquor in respect whereof any unpaid tax had been imposed. As stated above, this was tax-paid liquor and the tax for carrying on the business of a retail liquor dealer is not imposed upon the liquor but upon the dealer.

Section 3116 denies the existence of a property right in any liquor or property intended for use in violating the internal revenue laws, but that section is not applicable here because the appellee was only charged with willfully failing to pay the special license required of a retail liquor dealer. It is not against the Federal law to carry on the business of a liquor dealer. The offense is the willful failure of such dealer to pay the occupational license tax. That is all with which he was charged and all with which he could have been charged. From this it necessarily follows that the automobile in question was not intended for use in willfully failing to pay the occupational tax. One does not use property in an act of omission —in a failure to pay—which is the gist of the only offense charged and proven against the defendant in the Court below.

It is an utter impossibility for one to use an automobile in willfully failing to pay an occupational license tax. When Section 3253, supra, described the instances wherein a forfeiture could be had for failure to pay the occupational license tax, it excluded automobiles and other articles not enumerated therein. *Expressio unius est exclusio alterius.*

When Section 3321 provided for the forfeiture of property used in concealing commodities for and in respect whereof any tax is or shall be imposed with intent to defraud the United States of such tax, it excluded the automobile of appellee here because the necessary taxes on the liquor concealed therein had been paid and, therefore, the concealment was not to defraud the Government of the tax required on that commodity. Moreover, the offense charged here in each of the six counts was the making of a sale of liquor without having obtained an occupational license tax. If the liquor had been kept concealed in the car, there would have been no retail sale. The fact that sales and deliveries of liquor were made over the counter is the exact opposite of concealing liquor. So far as the Federal Government is concerned, the automobile could have

been the place of concealment of any quantity of tax-paid liquor without the violation of any of the Federal statutes here involved. In concealment no tax was due. It is the act of sale, not the act of concealment, that subjects the appellee to the necessity of buying an occupational license tax and subjects him to the pains and penalties for failure to do so.

The term "Every * * * carriage, or other conveyance whatsoever, * * * and all things used in the removal or for the deposit or concealment thereof * * * shall be forfeited", in sub-paragraph (b) (3) of Section 3321, has reference to the removal, deposit, or concealment of commodities upon which the tax imposed has not been paid with intent to defraud the United States. The tax imposed on the liquor here concealed and deposited had been paid.

I repeat that an automobile is not "used" in an act of omission, or, that is, the willful failure to pay the occupational license tax.

One might hide tax-paid liquor in his automobile for the purpose of keeping his wife from finding it, without violating any statute. He might even make a spasmodic sale without becoming a dealer. In short, it is not the hiding of tax-paid liquor, it is not even the sale of tax-paid liquor, that is offensive to the statute. One may sell tax-paid liquor to his heart's content as far as the Federal law is concerned if he has paid the occupational tax, and the use of an automobile cannot constitute an element of the failure to pay.

1. I concurred in the opinion of this Court in One Ford Tudor Automobile v. U. S., 5 Cir., 164 F.2d 1020, for the reason that in that case the defendant had pleaded guilty to a charge of concealment of liquor in violation of Sec. 3321 of Title 26 U.S.C.A. In the light of the record made in that case I thought that the automobile was forfeitable, but in the present case there was no criminal charge made against defendant of concealing whiskey upon which there was an unpaid tax with intent to defraud the United States, and there is no proof of anything other than that he was concealing it from the State officers because he was selling whiskey in a dry county in Florida.

Believing that a statute wreaking a forfeiture should be strictly construed, and that the gravamen of the offense with which the appellee was charged was the failure to pay a tax, and that an automobile cannot be property used in failing to pay such tax, I think that the decision of the lower Court is correct and ought to be affirmed.

I may be in error but I am not in doubt.[1]

In the case of Kent v. U. S., 5 Cir., 157 F.2d 1, the defendant was clearly engaged as a wholesale dealer in liquor by delivering truckloads from the State of Louisiana to purchasers in Mississippi, and clearly came within the provisions of Sec. 3116 because his truck was intended for use in violating the provisions of the internal revenue laws. Without the truck he could not have made the sale and delivery at wholesale of the liquor in the State of Mississippi. He was not merely concealing tax-paid liquor from State officers as was the case with appellee Ganey here.