## JARRETT v. UNITED STATES.
### No. 6148.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 9, 1950.

Decided Oct. 12, 1950.

———◆———

C. Carter Lee, Rocky Mount, Va., for appellant.

R. Roy Rush, Asst. U. S. Atty., Roanoke, Va., (Howard C. Gilmer, Jr., U. S. Atty., Roanoke, Va., on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and TIMMERMAN, District Judge.

PER CURIAM.

Ervin James Jarrett, the appellant, lays claim to a Chevrolet Loadmaster Truck which was condemned and forfeited under Section 3116 of the Internal Revenue Code, 26 U.S.C.A. § 3116, by the judgment of the District Court on the ground that it had been used in violation of the internal revenue laws of the United States. Section 3116 provides in part as follows: "It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws, or which has been so used, and no property rights shall exist in any such liquor or property. * * * The seizure and forfeiture of any liquor or property under the provisions of this part, and the disposition of such liquor or property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such liquor or property, shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition of property or proceeds, for violation of the internal-revenue laws. 53 Stat. 362."

The case was submitted to the District Judge upon a stipulation of the evidence of the revenue agents, subject, however, to the objection of the claimant as to the admissibility of the conclusions reached and opinions expressed by the agents. The stipulated evidence showed that on February 1, 1950, the revenue agents found a 500 gallon still on an abandoned farm in Pittsylvania County, Virginia, which apparently had been recently operated. Marks on the farm road leading from the public highway indicated that a dual wheel truck had been driven over it. On this road, about 300 yards from the still, there was a tobacco barn in which the agent found five cases of empty one-half gallon jars, 100 pounds of meal and certain tools. There were footprints and dual wheel tracks at the barn and a horsedrawn sled adequate for the transportation of material from the farm road to the still.

On February 3, 1950 the agents returned to the farm and discovered Jarrett and

two other men engaged in the operation of the still in which 3500 gallons of mash had been set and 1400 pounds of sugar had been used. There were dual wheel truck tracks running from the public road to the farm road but tracks of only one vehicle. The truck was parked on the farm road about 300 yards from the barn and fresh sled tracks ran from the truck to the still. The truck was locked and the key was found in the pocket of one of the men. Fresh mud was found in the body of the truck and also several empty cloth meal bags. The footprints and wheel tracks were easily traceable on both days since the ground was wet from recent rains.

Jarrett stated that he did not transport the sugar in the truck but found the sugar in the barn. He used the truck to bring the two men with him to the farm from a point 40 miles distant. He said that the truck had been used for several days previously for a purpose which he did not know by a man whose name he refused to reveal and that this man had wired him to operate the still and had promised to return and pay him for the work and for the hire of the truck. The truck belonged to Jarrett.

Upon these facts the District Judge found that the truck was used on February 3, 1950 to haul sugar to the distillery for use in the manufacture of illicit liquor and was used to carry on the business of the distillery and in the operation thereof.

█ The claimant contends that in making the findings of fact the District Judge should not have considered certain statements of one or more of the agents to the effect that human traffic at the barn indicated that a quantity of supplies had been loaded or unloaded from a dual wheel vehicle at that point, and that many human tracks indicated that raw materials had been unloaded from the truck to the horse-drawn sled and that fresh mud found on the body of the truck had apparently fallen from the shoes of the operators of the sled, and that since no other vehicle had traversed the distillery road, it was the opinion of

the agent that the truck had been used for the transportation of the sugar used at the still. This contention is not tenable because it does not appear that the District Judge accepted the conclusions and opinions of the revenue agents in reaching his ultimate conclusions of fact but on the contrary reached his own conclusions from the physical facts with respect to the location of the barn, the truck and the still, the footprints and dual wheel tracks in the roadway, the presence of the sled at the still site and the large quantity of materials there found. Moreover, it does not appear that all of the statements of the revenue agents to which the claimant refers constituted inadmissible expressions of opinion of the witnesses but rather a proper effort on their part to testify as to the results of their observation and the appearance of the objects found on the farm and of the condition of the farm road. Much must be left to the discretion of the District Judge in ruling upon questions of evidence of this kind, and especially is this true when, by the consent of counsel, evidence is presented to the judge in the form of a stipulation which consists of a statement of facts intermingled with impressions derived from those facts by the witnesses. See, Virginia Ry. & Power Co. v. Burr, 145 Va. 338, 133 S.E. 776; Roberts v. United States, 4 Cir., 60 F.2d 871; Wigmore on Evidence, Sections 1976, 1978; cf. Davis v. Souder, 134 Va. 356, 114 S.E. 605.

█ The finding that the truck was used to haul sugar to the distillery to be used in the illicit operation was fully justified by the evidence, and the judgment of forfeiture under Section 3116 necessarily followed. That statute clearly makes unlawful the possession of property used or intended to be used in violation of the internal revenue laws and makes such property forfeitable at the suit of the United States. See Kent v. United States, 5 Cir., 157 F.2d 1; United States v. Windle, 8 Cir., 158 F.2d 196.

Affirmed.