## UNITED STATES
v.
## ONE 1953 OLDSMOBILE "88" TWO DOOR SEDAN et al.
### Civ. A. No. 434-T.

United States District Court
N. D. Florida, Tallahassee Division.
July 29, 1954.

G. Harrold Carswell, U. S. Atty., Tallahassee, Fla., for libelant.

Messer & Willis, Tallahassee, Fla., for General Motors Acceptance Corp., respondent.

DE VANE, Chief Judge.

The United States of America has filed in this court a libel seeking the forfeiture of an automobile owned by Edward I. Mandell and on which General Motors Acceptance Corporation and Gadsden County Lien Service hold valid subsisting liens. The libel charges that on November 18, 1953 respondent, Mandell, in Leon County, Northern District of Florida, unlawfully and knowingly and in violation of Sections 3321 and 3116, Title 26 U.S.C.A. was engaged in transporting, removing, depositing and concealing a certain quantity of "football parlay cards", which cards were then and there being transported in said automobile by said respondent in furtherance of his accepting and receiving wagers without having prior thereto paid the special occupational tax, as required by Section 3290, Title 26 U.S.C.A. The liens against the automobile amount to considerable more than the appraised value thereof and respondent, Mandell, has defaulted. The case is before the court on the motion of the General Motors Acceptance Corporation to dismiss the libel on the ground that the government has no authority to seize and forfeit the automobile under Sections 3321 and 3116, Title 26 U.S.C.A. U. S. v. One Studebaker Automobile, D.C., 298 F. 191.

In considering said motion the allegations contained in the libel of information are admitted and the court, therefore, assumes in disposing of said motion that Mandell had in his possession in his automobile when arrested by State enforcement officers a quantity of "football parlay cards" to be used by him in accepting and receiving wagers and that respondent, Mandell, had not secured the occupational tax required by Section 3290, Title 26 U.S.C.A. to engage in such gambling operations.

As stated above, Mandell was taken into custody by Leon County, Florida law enforcement officers and has not been charged in this court, and counsel for the government advises that so far as he knows in no other Federal court, with the violation of any Federal criminal law. The sole question, therefore, before the court is whether the United

States has authority, under Sections 3321 and 3116, Title 26 U.S.C.A. to confiscate an automobile being used to transport "football parlay cards" intended to be used in furtherance of accepting and receiving wagers.

The government relies upon One Ford Tudor Automobile v. U. S., 5 Cir., 164 F.2d 1020; One 1941 Buick Sedan v. U. S., 10 Cir., 158 F.2d 445; U. S. v. One 1942 Pontiac Sedan Automobile, D.C., 56 F.Supp. 929 and U. S. v. 3935 Cases of Distilled Spirits, D.C., 55 F. Supp. 84. It is to be noted that these cases all pertain to violation of the Internal Revenue laws dealing with intoxicating liquors and are, for that reason, not necessarily controlling here.

Counsel for respondent, General Motors Acceptance Corporation, relies upon U. S. v. Lane Motor Co., 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622; U. S. v. Jones, 5 Cir., 194 F.2d 283 and U. S. v. One 1939 Plymouth De Luxe Tudor Sedan Automobile, D.C., 63 F.Supp. 797. These cases also pertain to violations of the Internal Revenue laws of the United States dealing with intoxicating liquors and are likewise not necessarily controlling here. The court is advised by counsel for the respective parties that no case, as far as they can find, has been adjudicated in the Federal Court as to the right of the United States to confiscate an automobile used in gambling operations where Section 3290 has not been complied with by the owner of the automobile.

■ In this case the respondent, Mandell, is not charged with the possession of any property upon which a Federal tax is imposed but had not been paid. The Federal law does not attempt to prohibit, if it could, gambling with football parlay cards. The Federal law simply imposes taxes upon persons engaged in such activity. The statutes under which forfeiture is sought in this case, when passed, never contemplated forfeitures except in those cases where dealers in alcoholic beverages were attempting to operate some part of their business in violation of the Federal laws applicable thereto. This court is unwilling to expand the Sections in question here to a case of the character here involved. If this automobile may be forfeited under these Sections then clearly any person using an automobile in connection with anything he might do in violation of any income tax law should subject such automobile to forfeiture. Much could be written in support of and against the tendency of our courts to expand the two Sections here involved to cover all income tax violations but I am not disposed to brief the question but merely content myself with the statement that it is a matter which is exclusively for the determination of Congress and not the courts.

The court holds the Sections not applicable in this case and the motion to dismiss the libel will be granted.