UNITED STATES of America,
Appellant,

v.

GENERAL MOTORS ACCEPTANCE
CORPORATION, Claimant of One 1954
Chevrolet Pick-up Truck, Motor No.
0004727F54X, Appellee.

No. 15998.

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1956.

James L. Guilmartin, U. S. Atty.,
Miami, Fla., Edith House, E. Coleman
Madsen, Asst. U. S. Attys., Jacksonville,
Fla., for appellant.

Dean Boggs, Jacksonville, Fla., Boggs,
Blalock & Holbrook, Jacksonville, for
appellee.

Before RIVES, TUTTLE and JONES,
Circuit Judges.

RIVES, Circuit Judge.

The issue is whether Section 7302 of
the 1954 Internal Revenue Code [1] au-
thorizes the forfeiture of a motor truck
used in the business of receiving wagers
*without having paid the wagering occu-
pational tax and without having regis-
tered as required by Sections 3290 and
3291 of the Internal Revenue Code of
1939.*[2]

The libel alleged:

"That said vehicle was used on
September 25, 1954, by Henry
Brantley in the business of accept-
ing wagers without having paid the
wagering occupational tax and with-
out having registered as required
by Sections 3290 and 3291 of the
Internal Revenue Code of 1939;
more specifically, the said Henry
Brantley was transporting in said
vehicle lottery tickets used and in-
tended to be used in the business of
accepting wagers as aforesaid; all
with intent to defraud the United

[1]. Reading in pertinent part, "It shall be
unlawful to have or possess any prop-
erty intended for use in violating the
provisions of the internal revenue laws,
or regulations prescribed under such
laws, or which has been so used, and no
property rights shall exist in any such
property." 26 U.S.C.A. § 7302, I.R.C.
1954.

[2]. "§ 3290. *Tax*
"A special tax of $50 per year shall
be paid by each person who is liable for
tax under subchapter A or who is en-
gaged in receiving wagers for or on be-
half of any person so liable."

"§ 3291. *Registration*
"(a) Each person required to pay a
special tax under this subchapter shall
register with the collector of the dis-
trict * * *."
Title 26 U.S.C.A.
Those sections of the 1939 Code re-
mained in effect until January 1, 1955.
See § 7851(a) (4) of the 1954 Code.
On the other hand, the penalty and for-
feiture provisions of the 1954 Code are
made applicable as of August 17, 1954.
See § 7851(a) (6) (C) (iii) and § 7851
(a) (7) of the 1954 Code.

States of the wagering occupational tax imposed by Section 3290 of the Internal Revenue Code of 1939."

The district court sustained the motion of the respondent, appellee, to dismiss the libel in reliance on the case of United States v. One 1953 Oldsmobile "88" Two Door Sedan, D.C.N.D.Fla., 122 F.Supp. 488. That case arose under § 3116 of the I.R.C. of 1939,[3] which was brought forward in changed form as § 7302, I.R.C.1954 (see footnote 1, supra). The explanation of the change in the Committee Reports[4] was as follows:

§ 7302. *Property used in violation of internal revenue laws*

"This section contains no material change from existing law. The language of the section has been changed slightly in order to make clear that its provisions have general application under this title."

Without much discussion, the new § 7302 was held by the Western District of Arkansas to apply to property used in violating the wagering tax laws in United States v. One 1953 Oldsmobile Sedan, D.C., 132 F.Supp. 14, 19; and, without any discussion, it was apparently assumed to be so applicable by this Circuit in United States v. Roberson, 5 Cir., 233 F.2d 517, where we sustained the district court's judgment denying forfeiture on the ground of the insufficiency of the evidence. While those cases are persuasive, we think that neither of them should preclude consideration of the questions raised below and seriously argued on this appeal.

It is urged that the specific penalties provided for violation of § 3290 and § 3291 of the 1939 Code should prevail over the general forfeiture provisions of § 7302 of the 1954 Code. To sustain such an argument would leave little or no field for the operation of § 7302, since every violation of the internal revenue laws, that we know of, is accompanied by its own specific penalties. Where the liquor tax laws contained specific forfeiture as well as penalty provisions, similar arguments have been rejected. United States v. Gancy, 5 Cir., 183 F.2d 273; One Ford Tudor Automobile, etc. v. United States, 5 Cir., 164 F.2d 1020; United States v. Windle, 8 Cir., 158 F.2d 196.

It is urged that "Forfeitures are not favored; they should be enforced only when within both letter and spirit of the law." United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 865, 83 L.Ed. 1249. As noted in the same opinion, however, "The point to be sought is the intent of the law-making powers." In an earlier case, the Supreme Court had said:

"We are not called upon to give a strained interpretation in order to avoid a forfeiture. Statutes to prevent fraud on the revenue are construed less narrowly, even though a forfeiture results, than penal statutes and others involving forfeitures." United States v. Ryan, 284 U.S. 167, 172, 52 S.Ct. 65, 67, 76 L.Ed. 224.

See, also, Manufacturers Acceptance Corporation v. United States, 6 Cir., 193 F.2d 622.

It is said that we should construe § 7302 with especial strictness since 18 U.S.C.A. § 3617, providing for remission or mitigation of forfeitures, has reference only to the liquor tax laws. Available, however, are the compromise pow-

---

3. Reading in pertinent part: "It shall be unlawful to have or possess *any liquor* or property intended for use in violating the provisions *of this part, or the internal-revenue laws*, or regulations prescribed under such part or laws, or which has been so used, and no property rights shall exist in any such liquor or property." (Emphasis supplied.) 26 U.S. C.A. § 3116, I.R.C., 1939.

4. The reports of the Committee on Ways and Means of the House of Representatives and of the Committee on Finance of the Senate contained the same language. See pages 4578 and 5258 of the 1954 U.S.Code, Congressional and Administrative News.

ers of the Secretary of the Treasury and the Attorney General,[5] which formerly provided the procedure to afford relief to innocent owners in liquor tax cases. United States v. One 1936 Model Ford V-8 De Luxe Coach, supra.

The gist of the offense is said to be the failure to pay the tax,[6] and the truck was not used in failing to pay the tax. Section 7302 requires only that the vehicle be used or intended for use "in violating the provisions of the internal revenue laws." One of the acts going to constitute such violation was the engaging in the business of receiving wagers especially when, as here alleged, that was done "with intent to defraud the United States of the wagering occupational tax." A like contention has not prevailed in liquor tax cases. One Ford Tudor Automobile, etc. v. United States, supra; United States v. Ganey, supra; Jarrett v. United States, 4 Cir., 184 F. 2d 532; Shively v. United States, 4 Cir., 210 F.2d 131.

Finally, it is insisted that, while § 7302 of the 1954 Code broadens the scope of § 3116 of the 1939 Code, it should be confined to cases involving a commodity upon which a tax is imposed, that the truck itself must in some way be guilty. See Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 510, 511, 41 S.Ct. 189, 65 L.Ed. 376; United States v. One 1948 Plymouth Sedan, 3 Cir., 198 F.2d 399; United States v. Lane Motor Co., 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622. In the last cited case, the Supreme Court held "that a vehicle used solely for commuting to an illegal distillery is not used *in* violating the revenue laws." 344 U.S. at page 631, 73 S.Ct. at page 460. The rule is different, however, where the vehicle is used not merely for the convenience of the operator in commuting, but also as an active aid in violating the revenue laws, even though not for the transportation of any commodities subject to seizure. United States v. One 1952 Lincoln Sedan, 5 Cir., 213 F.2d 786; One Ford Tudor Automobile, etc. v. United States, supra; United States v. Ganey,

supra; Jarrett v. United States, supra; Shively v. United States, supra. Cf. United States v. Jones, 5 Cir., 194 F. 2d 283.

The plain language of § 7302 covers a truck used and intended for use in violating the wagering tax laws. The judgment is therefore reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

5. See § 7122, I.R.C.1954.

6. See the dissent in Hodges v. United States, 5 Cir., 223 F.2d 140, 143 et seq.