UNITED STATES of America,
Plaintiff,

v.

ONE CHEVROLET SEDAN 1954 MOD-
EL, Motor No. 0203210 T54Z,
Defendant.

Civ. No. 566.

United States District Court
E. D. North Carolina, Wilson Division.

Jan. 10, 1957.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for plaintiff.

Allsbrook & Benton, Roanoke Rapids, N. C., for defendant.

GILLIAM, District Judge.

The United States brought this in rem proceeding in accord with Title 26 U.S.C.A. § 7322, to enforce the forfeiture of a 1954 Chevrolet. The prayer for forfeiture is founded on Title 26 U.S.C.A., §§ 7301 and 7302.

Section 7301(e) provides for forfeiture of "any property * * * used to transport or for the deposit or concealment of property described in subsection (a) * * *." Subsection (a) provides in part that: "Any property * * * in respect whereof, any tax is imposed by this title which shall be found in the possession or custody or within the control of any person, for the purpose of being sold * * * in fraud of the internal revenue laws, or with design to avoid payment of such tax * * * shall be forfeited to the United States."

Section 7302 provides for the forfeiture of any property which has been used in violation of the internal revenue laws.

Investigator Graham H. Copeland, of the Alcohol and Tobacco Tax Unit of the Treasury Department drove to the home of Lucille Darden on the night of December 2, 1955. Accompanying him were William C. Goodwin, a State investigator, and another investigator named Maloney. The officers parked about ten feet from the Darden car, a 1954 Chevrolet which is the subject of this action. The area was brightly lighted by a flood light on the house a short distance away.

Copeland, who was the Government's only witness, and Maloney, stayed in the

rear seat of the car they were using. Goodwin went into the Darden's house for the purpose of purchasing whiskey. Lucille Darden had a record and a reputation for violating State and Federal laws relating to liquor.

Shortly after Goodwin entered the house Lucille Darden came out, got into the Chevrolet, took two brown paper bags from underneath the right front seat, and returned to the house with them. Briefly after her return, Goodwin rejoined Copeland and Maloney in their car. He brought two bags that appeared the same as those that Copeland had previously seen Lucille Darden remove from the Chevrolet. In the bags that Goodwin handed over to Copeland were two pints of Old Stagg tax paid whiskey.

Later the officers returned with a State search warrant. They found no liquor in the car but did find several more bottles in the house. Before the car was seized, Lucille Darden stated that she had not paid the special tax on retail liquor dealers and that she had no stamp.

She was tried in State court and acquitted on a charge of selling whiskey illegally on this occasion. However, as a witness in this case, she readily admitted having sold Goodwin the two pints of Old Stagg that Copeland said Goodwin brought from the Darden house. She denies that she got the whiskey from the Chevrolet, but insists that she had it in the house, that she went to the car to look around because she was suspicious of Goodwin, that what she took from underneath the front seat and carried into the house was a bag containing a package of Kleenex.

I reject completely her explanation of what Copeland observed her doing at the car. I am convinced that she took from the car the whiskey that she admits selling to Goodwin, and so find.

Do these facts establish grounds for forfeiture of the car to the United States? I believe that by the better rule the answer to this question is, No.

Conceding that Lucille Darden was a retail liquor dealer, the offense in which this car was involved was her willful failure to pay an occupational tax. She was not even indicted for that infraction of the internal revenue laws. Title 26 U.S.C.A. § 5691, says in part: "Any person who shall carry on the business of a * * * retail dealer in liquors, * * * and willfully fails to pay the special tax as required by law, shall * * * be fined * * * and imprisoned * * *. All distilled spirits * * * owned by such person * * * shall be forfeited to the United States."

This section contains its own forfeiture provision, and that provision does not include automobiles. The question is, therefore, whether the Government is limited to this section or may it rely on the general forfeiture sections of the Code, 7301 and 7302, set out above.

There is a division of the authorities on this question; and, so far as I have been able to determine, the Court of Appeals for this Circuit has had no occasion to rule on it. In United States v. One Ford Coach, 1949 Model, 4 Cir., 1950, 184 F.2d 749, 751, it was said that: "Unquestionably a vehicle used in the business of a liquor dealer in violation of the revenue laws is subject to forfeiture * * *." However, that case is distinguishable for the reason that the liquor involved there was non tax paid.

United States v. Ganey, 5 Cir., 1950, 183 F.2d 273 is a case closely in point with the one at issue before me. The report of the case in the District Court is United States v. 1947 Ford DeLuxe Coupe, D.C., 86 F.Supp. 172. The Court of Appeals for the Fifth Circuit was divided two to one in favor of forfeiture. These three opinions present a full discussion of the issues at stake, with ample citations of the authorities on both sides.

I agree with the views expressed by Judge Waller in his dissenting opinion, 183 F.2d 273, at page 274. He expressed the view that Section 3116, Title 26 U.S.C.A., does not apply in a case such as this, and also stated, 183 F.2d at page

276: "But even if we regard the provisions of Section 3116, supra, that it shall be unlawful to have or possess 'property intended for use in violating the provisions of this part, or the internal-revenue laws' and that 'no property rights shall exist in any such liquor or property,' as controlling over the special provisions of Section 3253, supra, * * * there could still be no forfeiture of an automobile under such statute since the automobile was not used in committing the offense of *failing to pay* the occupational license tax." (Former Section 3116 of Title 26 U.S.C.A. is now Section 7302 of Title 26 U.S.C.A.)

The prayer for forfeiture is denied.