232

UNITED STATES of America

v.

**ONE 1957 FORD TUDOR FAIRLANE VICTORIA, Serial No. D7CV–107643.**

Civ. No. 9794.

United States District Court
D. Maryland.
April 21, 1958.

Leon H. A. Pierson, U. S. Atty., and John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., for the United States.

Harold J. Kaufman and Charles A. Trageser, Baltimore, Md., for claimant, Commercial Credit Co.

THOMSEN, Chief Judge.

The United States seeks condemnation of a 1957 Ford as forfeited to the United States under 26 U.S.C.A. § 7302, because it was used by its owner, Luke George Goodwin, in carrying on the business of receiving wagers without having paid the special tax imposed by 26 U.S.C.A. § 4411, in violation of 26 U.S.C.A. § 4901.

█ Claimant, Commercial Credit Corporation, which holds a lien on the car, argues that section 7302 does not authorize forfeiture of property used in violation of the wagering tax laws. It also seeks remission of the forfeiture.

The evidence shows that the automobile was actually used by its owner in the business of receiving wagers and transporting lottery slips and money, and that there was probable cause for the forfeiture if section 7302 applies.

Section 7302 provides in pertinent part: "It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property." This language is undoubtedly broad enough to cover violations of the wagering tax laws, as well as of other internal revenue laws. Section 7302 was specifically held to cover violations of the wagering tax laws in United States v. General Motors Acceptance Corp., 5 Cir., 239 F.2d 102, and in United States v. One 1953 Oldsmobile Sedan, D.C.Ark., 132 F.Supp. 14. In United States v. Five (5) Coin-Operated Gaming Devices, D.C.Md., 154 F.Supp.

731, affirmed sub nom. Voglino v. United States, 4 Cir., 253 F.2d 794, section 7302 was applied to forfeit property used in violation of the gambling tax laws; the point urged by claimant herein was not raised. And in a case where an automobile had been used by the owner in carrying on the business of a retail liquor dealer without paying the tax imposed by the statute, Judge Parker said: "The forfeiture provisions contained in this section [7302] are free of ambiguity and clearly apply to any property which has been used, or is intended for use, in violating the Internal Revenue laws; * * *". United States v. One Chevrolet Four-Door Sedan, 4 Cir., 244 F.2d 342, 344.

Section 7302 was enacted as part of the Internal Revenue Code of 1954 to replace section 3116 of the 1939 Code, 26 U.S.C.A. § 3116, which had provided: "It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws, or which has been so used, and no property rights shall exist in any such liquor or property". The reports of the Congressional Committees explained the proposed change as follows: "§ 7302. *Property used in violation of internal revenue laws.* This section contains no material change from existing law. The language of the section has been changed slightly in order to make clear that its provisions have general application under this title."

Claimant argues, however, that section 3116 of the 1939 Code did not cover wagering tax law violations, and since the Committee Reports said that section 7302 contained no material change from existing law, section 7302 should be construed not to apply to violations of the wagering tax laws. This argument is unsound, because it was generally understood that section 3116 did cover violations of the wagering tax laws as well as violations of the liquor laws and other internal revenue laws. Claimant's own brief contains a memorandum to that effect which was given to the Ways and Means Committee of the House and the Finance Committee of the Senate by Colin F. Stam, Chief of Staff of the Joint Committee on Internal Revenue Taxation of the Congress.[1]

After that memorandum was submitted and after the reports of the Senate and House Committees were made, two district court decisions questioned the applicability of section 3116 to wagering law violations. United States v. One 1953 Oldsmobile "88" Two Door Sedan, D.C.N.D.Fla., 122 F.Supp. 488, 489, and United States v. One 1951 Cadillac Coupe De Ville, D.C.E.D.Mo., 125 F.Supp. 661. The latter case was decided after the 1954 act became effective. Neither of

1. The pertinent part of that memorandum read as follows:

"Sec. 7302. Forfeitures and Seizures.

"This section is identical with section 3116 of existing law, except that the phrase 'any liquor or property' which appeared in that section has been changed in the draft to read 'any property', and except that the reference to title XI of the Act of June 15, 1917, has been changed to the proper present reference to chapter 205 of title 18, the Criminal Code.

"There was considerable discussion of this section. Although it is included in the part of chapter 26 dealing with industrial alcohol, it has been held in a number of decisions to apply as broadly as its words read, that is, to require the forfeiture of any property intended for use in violating the internal revenue laws or regulations prescribed under such laws. The most recent ruling on this subject appears as Revenue Ruling 264, in the Internal Revenue Bulletin No. 24, dated November 23, 1953. That ruling cites a number of cases (relating to violations of the liquor provisions contained in other parts of chapter 26) which have construed this statute to have such broad effect. More recently, the statute has been held applicable to automobiles used in violation of the gambling tax laws, and although no opinion was written by the court, the court upheld the application of the forfeiture provision in that case.

"Accordingly, since the statute has general application, the draftsmen have included it in this subtitle as a provision of general application, and have clarified it internally so that the reader will clearly see that it applies beyond the liquor laws."

those decisions is helpful in showing the intention of Congress in adopting the language recommended by the Joint Committee. The Committee reports and the Stam memorandum show that Congress meant what it said when it adopted section 7302. See United States v. General Motors Acceptance Corp., 5 Cir., 239 F.2d 102.

█ This court has no jurisdiction to remit or mitigate the forfeiture in this case. See 26 U.S.C.A. § 7327; 19 U.S.C.A. 1618; Executive Order No. 6166, § 5, 5 U.S.C.A. §§ 124–132 note; United States v. One 1953 Oldsmobile Sedan, supra, 132 F.Supp. at page 20, and the cases cited therein. The cases cited by claimant deal with 18 U.S.C.A. § 3617, which gives the court jurisdiction to remit forfeitures for violation of the liquor laws. Even if 18 U.S.C.A. § 3617 applied to forfeitures for violation of the wagering laws, which it clearly does not, the failure of claimant to make an adequate inquiry with respect to the prior record of the purchaser of the automobile on which claimant was taking a lien would prevent a remission or mitigation of the forfeiture in this case.

Let the United States Attorney prepare a proper judgment order.