**UNITED STATES v. ONE DODGE SEDAN.**

District Court, D. California. May 2, 1928.

No. 19431.

BOURQUIN, District Judge. This is a libel to forfeit the respondent, for that, as alleged, it was used to remove, conceal, and deposit Ng Ka Py liquor with intent to defraud the plaintiff of taxes thereon imposed, due and unpaid.

The evidence is that in June, 1927, federal prohibition agents apprehended the respondent with three other autos. The latter vehicles were loaded with smuggled Ng Ka Py whisky and other intoxicating liquors. No tax stamps appeared thereon. The former conveyance was the armed convoy, or pilot and guard, of the others, but itself contained none of said liquors.

Section 3450, R. S., provides that all conveyances "used in the removal or for the deposit or concealment" (26 USCA § 1181; Comp. St. § 6352) of such articles with such intent, shall be forfeited. The customs laws have like provisions. See U. S. v. One Oakland Auto (D. C.) 9 F.(2d) 635. Claimant contends that, since none of the articles were in the auto, it is not within said statutes, and not subject to forfeiture.

That the respondent was used to aid the removal of the contraband articles is clear, and that suffices. It would be a strained, even absurd, construction to yield to claimant's contention. In his view, a horse drawing a vehicle laden with the articles could not be forfeited, for that the incriminating merchandise was not in or on the animal. So of respondent, if used to tow the others, instead of to convoy them.

The liquors were smuggled, were subject to both customs and internal revenue taxes; the very existence of the liquors at large is proof the taxes are unpaid; all persons know this law, and it will be and is inferred that amongst other intents of the illicit removal of the liquors was to defeat all said taxes.

Respondent is subject to forfeiture. Decree accordingly.