## UNITED STATES v. ONE 1938 BUICK SEDAN.

### No. 6048.

District Court, D. Massachusetts.

Oct. 19, 1939.

Edmund J. Brandon, U. S. Attorney, and Robert W. Meserve, Asst. U. S. Atty., both of Boston, Mass.

James G. Lane and E. Curtiss Mower, Jr., of Boston, Mass., for Helen M. Sears.

FORD, District Judge.

This is a proceeding brought by the United States seeking a decree of forfeiture of an automobile seized by federal officers while it was being used as a convoy to a truck carrying sugar and yeast to be made use of in the manufacture of illicit alcohol. Forfeiture is sought under the provisions of Section 3450 of the Revised Statutes of the United States, 26 U.S.C.A. § 1441.

Revised Statutes, Section 3450 reads in part as follows:

"(b) *Forfeiture*—(1) *Goods.* Whenever any goods or commodities for or in respect whereof any tax is imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place,

with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited.

\* \* \* \* \* \*

"(3) *Conveyances.* Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

One Helen Sears has filed a claim as the true and lawful owner of the automobile, and in addition has filed a petition for remission and mitigation of forfeiture under the provisions of 27 U.S.C.A. § 40a.

The evidence in this case showed that on February 20, 1939, at 1:30 A. M., a special agent for the Alcohol Tax Unit saw a truck, which he had been observing for sometime, loaded with yeast and sugar proceeding along a highway, known as the Newburyport Turnpike, in the direction of the city of Haverhill, Massachusetts. The truck was met by a Buick sedan admittedly owned by the claimant and occupied by two men. The evidence showed that the Buick sedan passed and repassed the truck at different times and that one of its occupants directed the movements of the truck and pointed out the way to the driver of the truck to a farm, known as the Marble Farm, in Haverhill, upon which was situated an illicit distillery, and at which place the contents of the truck were deposited, and which, as far as the evidence showed, was used in the manufacture of illicit alcohol. The evidence further showed that at one point one of the occupants of the Buick sedan left the sedan and climbed into the truck. Later, on February 24, 1939, the distillery was seized and the occupant of the Buick car who had climbed into the truck before it had reached its destination was arrested at the place where the distillery was set up.

The only point raised by the claimant on the question of forfeiture is that inasmuch as the materials seized at the illicit distillery were in the truck which the automobile of the claimant was alleged to have convoyed and not physically in the automobile itself, the latter was not "used" in the removal of the same within the meaning of the act and was not subject to forfeiture.

The statute cited above, 26 U.S.C.A. § 1441, paragraph (b) (3), provides that "every \* \* \* conveyance \* \* \* used in the removal or for the deposit or concealment" of materials, utensils, etc., shall be forfeited.

The fact that the automobile did not at any time contain the contraband intended to be made use of in the unlawful enterprise, does not preclude forfeiture. "Used in the removal" of such goods has a broader meaning than that contended for by the claimant. Certainly the automobile aided the removal of the materials. It was obviously participating in and being made use of in their removal. The truck driver would never have arrived at the premises where the illicit alcohol was being made, without the directions given by the occupants of the automobile. The picture presented in this type of case is for all practical purposes on all fours with that presented if the truck containing the contraband was hitched to the automobile as a trailer. In both cases the automobile is the means of removal. This leads me to the conclusion that a car employed, as was the case here, as a convoy of a truck containing this contraband is being "used in the removal" of such within the meaning of the statute. The automobile is forfeited. United States v. One Dodge Sedan, D.C., 28 F.2d 44.

There remains the petition for remission and the facts on that aspect are as follows:

The petitioner for remission, Helen Sears, is a married woman, who on February 19, 1939, loaned the automobile in question to one Steve Reynolds in order to enable the latter to keep an appointment with a lady friend. Reynolds was employed as a longshoreman in and about the wharves of the city of Boston and the husband of the petitioner had made the acquaintance of Reynolds in his capacity as a boss stevedore. The husband had been employed steadily as a boss stevedore for some years, and there was no evidence introduced to show that he was in any way engaged in illegal enterprises. He was a steady, hard working man. Before Mrs. Sears loaned the automobile to Reynolds she had talked with her husband and the latter agreed that this should be done. It had been loaned to Reynolds on two or three other occasions. No evidence was introduced which tended to show that at any time the petitioner Helen Sears or her husband had any knowledge of any sort, or reason to believe that the Buick car was to be used in connection with any

unlawful activities that took place on the way to or at the illicit distillery.

Although the petitioner did not know the present address of Reynolds and neither she nor her husband had seen Reynolds since the raid took place at the distillery, and although some of the other circumstances surrounding the case tax one's credulity, yet taking into consideration the type and character of the petitioner and her husband, their station in life, the peculiar and typically careless generosity existing among the type in allowing their property to be used by others without too searching an inquiry, I am of the opinion that the forfeiture should be remitted upon the payment by the petitioner of all expenses incurred by the United States incident to its seizure and forfeiture. 27 U.S.C.A. § 40a.

Decree accordingly.