## UNITED STATES v. ONE PLYMOUTH SEDAN.

### No. 14.

District Court, E. D. Pennsylvania.

June 11, 1942.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., and J. Lawrence Grim, Asst. U. S. Atty., of Philadelphia, Pa., for the United States.

Hirsch W. Stalberg, of Philadelphia, Pa., for intervenor.

KALODNER, District Judge.

The United States of America filed a libel seeking forfeiture of defendant Plymouth Sedan, alleging that the vehicle, owned by one Cassella, had been used "for the purpose of removing, depositing and concealing an unregistered distillery and other property * * * and for the purpose of aiding in the removal, deposit and concealment of an unregistered distillery and other property * * *" in violation of the Internal Revenue laws.

An answer was filed denying the allegations of the libel. The government then adduced testimony in support of its allegations.

The sum total of this testimony was to the effect that the Plymouth had been used by one of the alleged owners of the still to transport him and other persons to the locale of the still. There was no testimony that the Plymouth had at any time been employed to haul materials or equipment used in the construction of the still or in its planned operation. It appears that the still had been set up, but not operated, at the time of its seizure by the government agents.

It is the government's contention that the use of the Plymouth by one of the owners of the illicit distillery for his transportation to and from the still, and for the transportation of other persons to and from the still, makes the vehicle subject to forfeiture under Section 3321 [1] of the Internal Revenue Code, Title 26 U.S.C.A.

---

[1] "§ 3321. *Removal or concealment with intent to defraud the revenue.*

\* \* \* \* \* \* \*

"(b) Forfeiture

"(1) Goods. Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and

In contradiction to the government's contention, the Associates Discount Corporation, intervening claimant, urges that there can be no forfeiture under Section 3321 in view of the fact that the vehicle did not transport either untaxed liquor or contraband raw materials or implements of manufacture.

The government relies on United States v. One Ford Truck, D.C., 3 F.Supp. 283, 285. In that case the court ruled that the automobile "used by the parties unlawfully possessing and setting up the still, for their convenience in going to the place where the still was being or about to be operated * * *." was subject to condemnation under the provisions of the Willis-Campbell Act, Sec. 5, 27 U.S.C.A. § 3.

The intervening claimant cites United States v. One 1935 Model Chevrolet, D.C., 14 F.Supp. 680, 681, which was decided under R.S. Sec. 3450 (virtually identical with the present Sec. 3321). In that case, although the precise point did not arise, the court, in discussing the existing Internal Revenue law, held: " * * * The vehicle is not forfeitable unless the user thereof had concealed in it taxable articles and at the time had a fixed intent to defraud the United States. * * *"

 In United States v. One Ford Truck, D.C., 44 F.Supp. 415, decided April 13, 1942, I held that a motor vehicle was subject to forfeiture when engaged in the transportation of raw materials intended for use in the operation of an illegal distillery in fraud of the revenue, and that forfeiture was not restricted to such instances where the finished taxable commodity—the liquor—is hauled. In that respect I went further than the court did in United States v. One 1935 Model Chevrolet, supra. However, I am in accord with the ruling in that case that the mere use of the vehicle for the purpose of transporting those connected with the setting up or operation of the still does not make the vehicle subject to forfeiture under Sec. 3321.

While it seems highly desirable that the law should provide for the forfeiture of vehicles used to transport those connected with the setting up or operation of a still, that is a matter which is exclusively for the determination and action of the Congress.

Accordingly, in consonance with the above, the libel is dismissed.

---

commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited.

"(2) Packages. In every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, shall be forfeited.

"(3) Conveyances. Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited. * * *"