UNITED STATES v. ONE STUDEBAKER SEDAN, MOTOR NO. H-17-5993, SERIAL NO. 4226813.

No. 26.

District Court, E. D. Pennsylvania.

Sept. 6, 1944.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for the United States.

John Edward Sheridan, of Philadelphia, Pa., for respondent.

KALODNER, District Judge.

United States of America filed a libel seeking forfeiture of defendant Studebaker Sedan alleging that the vehicle, owned by one Michael, had been used by him "as a pilot or a convoy car for a Plymouth Sedan which was being driven by Earl W. Goat, and was being used for the removal, concealment or deposit of untaxpaid distilled spirits and therefore, in that connection said Studebaker Sedan was being used to bring about the removal, deposit or concealment of goods or commodities, to wit, a quantity of untaxpaid distilled spirits, for or in respect whereof a tax is imposed with intent to defraud the United States of such tax."

An answer was filed denying the allegations of the libel. Testimony was adduced by the Government in support of its allegations. At the conclusion of such testimony a motion was made to dismiss.

In my opinion the motion to dismiss must be granted.

The Government's testimony established that the defendant Studebaker Sedan was being used by Michael, its owner, as a "lookout" for the illegal operations of Goat in the delivery of untaxpaid liquor.

It is the Government's contention that the use of the defendant Studebaker Sedan as a "lookout" car makes it subject to forfeiture under the provisions of Sec. 3321 [1] of the Internal Revenue Code, 26 U.S.C.A. The Government relies on United States v. One 1938 Buick Sedan, D.C., 29 F.Supp. 752, and United States v. One Dodge Sedan, D.C., 28 F.2d 44.

In United States v. 1938 Buick Sedan the

---

[1] "Sec. 3321. Removal or concealment with intent to defraud the revenue.

\* ⁑ \* \* ⁑ \* \*

"(b) Forfeiture

"(1) Goods. Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited.

"(2) Packages. In every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, shall be forfeited.

"(3) Conveyances. Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited. \* \* \*"

Court found as a fact that the Buick was used as a "convoy." The Court based its finding on evidence that the Buick directed the movements of a truck containing contraband yeast and sugar destined for an illicit still and that at one point in the journey one of the occupants of the Buick left the Sedan and climbed into the truck. Said the Court, 29 F.Supp. at page 753:

"The picture presented in this type of case is for all practical purposes on all fours with that presented if the truck containing the contraband was hitched to the automobile as a trailer. In both cases the automobile is the means of removal. This leads me to the conclusion that a car employed, as was the case here, as a convoy of a truck containing this contraband is being 'used in the removal' of such within the meaning of the statute. The automobile is forfeited."

In United States v. One Dodge Sedan, supra [28 F.2d 45], the defendant car "was the armed convoy, or pilot and guard" of the three other automobiles loaded with smuggled untaxpaid liquor.

In my opinion, the rulings in these two cases are inapplicable in the instant case. I held in the case of United States v. One Plymouth Sedan, D.C., 45 F.Supp. 461, affirmed in 3 Cir., 135 F.2d 922, that the mere use of an automobile to transport those connected with the setting up or operation of an illegal distillery did not make the vehicle subject to forfeiture under Sec. 3321 where there was no showing that the automobile had been used to transport untaxpaid liquor or contraband raw material or implements of manufacture.

In the Plymouth Sedan case I stated, 45 F.Supp. at page 462:

"While it seems highly desirable that the law should provide for the forfeiture of vehicles used to transport those connected with the setting up or operation of a still, that is a matter which is exclusively for the determination and action of the Congress."

 I am of the same opinion in the instant case. While it seems highly desirable that the law should provide for the forfeiture of a vehicle used as a "lookout" for other vehicles engaged in illegal bootlegging operations, that is a matter which is exclusively for the determination and action of the Congress.

 Sec. 3321 is a statute, penal in nature, providing as it does for forfeiture and as was pointed out in United States v. One 1939 Model Ford Pickup Truck, Motor No. 4662201, 35 F.Supp. 905, 907: "This type of statute must be construed with at least reasonable strictness against the government * * *."

 Accordingly, in consonance with the above, the libel is dismissed.

A decree may be submitted in accordance with this Opinion.

