UNITED STATES v. ONE 1950 MODEL
WILLYS JEEP, MOTOR NO.
3J–41329 et al.
Clv. No. 1050.

United States District Court
W. D. South Carolina,
Greenville Division.

July 19, 1950.

Oscar H. Doyle, U. S. Atty., Anderson, S. C., and Walter H. Hood, Asst. U. S. Atty., Greenville, S. C., for plaintiff.

Thomas A. Wofford, Greenville, S. C., and Wyche, Burgess & Wofford, Greenville, S. C., for claimant, Ralph Coggins.

WYCHE, District Judge.

The government filed its libel of information seeking judgment of forfeiture of the two vehicles described in the caption of this action, alleging that they were used by Ralph Coggins in the removal, deposit and concealment of 72 gallons of untaxpaid distilled spirits, and that such use subjected them to forfeiture under the provisions of Sections 3116 and 3321, of Title 26 U.S.C.A.

Ralph Coggins filed an answer to the libel of information, in which he admitted all of the allegations of the libel which referred to the Ford Truck; alleged his ownership of the Willys Jeep, and denied the allegations of the libel that the Jeep was used as alleged in violation of the Internal Revenue Laws of the United States.

An Order has heretofore been entered adjudging forfeited the Ford Truck, and only the Willys Jeep is now involved.

Findings of Fact.

On March 13, 1950, at about 7:30 o'clock a. m., Investigators of the Alcohol Tax Unit saw the Ford Truck and the Jeep proceeding together, in the same direction, on State Highway Number 276, near Marietta, South Carolina, and followed them from a distance for a distance of about three miles to the home of Ralph Coggins in Greenville County, South Carolina. The Investigators were not close enough to the two vehicles to ascertain who was driving each, and when the Investigators came into the Coggins' yard no one was in either of the two vehicles. In the Ford Truck the Investigators found approximately 72 gallons of untaxpaid whiskey, contained in twelve cardboard cases, and each of the twelve cases contained twelve one-half gallon jars of whiskey. Four of the cases were contained in Hersey sugar sacks so cut and retied as to form a sort of basket for easy lifting of the cases.

In the Jeep, only recently purchased by Ralph Coggins for about $1,400, which he paid in currency, there was no whiskey nor materials proper or intended for use in the manufacture of whiskey, but there were four or five empty wet Hersey sugar bags, on which there were fragments of mash and which smelled of whiskey, and one of the sugar bags in the Jeep had been fashioned and made into the form of a basket like the ones in the Ford Truck in which there were four cases of whiskey.

Ralph Coggins, testifying in support of his claim for the Jeep, admitted that in 1937 and in 1939 he had been convicted in this Court for violating the Internal Revenue Law relating to whiskey, that he had been convicted several times of similar offenses in the County Court, and that he was, prior to March 13, 1950, engaged in bootlegging. He admitted that a few days prior to March 13, 1950, he had hired one Bill Darnell, whose name he at first was unwilling to disclose to the Court, for the purpose of buying for Coggins a quantity of bootleg liquor, and had furnished him approximately $240 in cash with which to buy it; that Bill Darnell was to use Coggins' house, but that no certain date had been set for Bill Darnell to go; that on the early morning of March 13, 1950, he, Coggins, went in his Jeep to the home of his brother, Clifton Coggins, about ten miles distant, to get his brother in order that they might work together in building a house for their mother; that because it was raining he and his brother agreed to wait until the following Saturday to do such work; that his brother gave him the sugar bags found in the Jeep in order that he, Ralph Coggins, a mechanic, might have some old rags to wipe grease from his hands in his mechanic work; that after he left his brother's home, it was only by pure coincidence that he drove in behind his own truck hauling the liquor, and followed it to his own yard. Coggins further testified that he assumed that a man in a Pontiac automobile about to turn into his yard shortly after he in his Jeep and the Ford Truck with the liquor arrived

was there to purchase liquor from him as he had been there several times before for that purpose, and that he did not know that that man was coming at that time as he did not know what day Bill Darnell would get the liquor and bring it to his house.

Clifton Coggins, who admitted that he had been convicted in Federal Court in 1938, for violation of the Internal Revenue Laws relating to liquor, testified that he found the sugar bags he gave to his brother, and which were found in the Jeep, in the house that he had moved into only about one week before.

I am satisfied and find that the Jeep was intended for use, and was used by Coggins as a lookout or convoy car for his Ford Truck which was used in the removal, deposit and concealment of the 72 gallons of untaxpaid spirits found therein. I do not believe the claimant's explanation of the presence of the sugar bags in his Jeep.

### Conclusions of Law.

1. Ralph Coggins removed and caused to be removed and deposited and concealed in his Ford Truck 72 gallons of untaxpaid distilled spirits, with intent to defraud the United States of the taxes due thereon.

2. Ralph Coggins used and caused to be used his Willys Jeep in the removal, deposit and concealment of the 72 gallons of whiskey, and such use subjected the Jeep to forfeiture under the provisions of Sections 3116 and 3321 of Title 26 U.S.C.A. In U. S. v. One Dodge Sedan, 28 F.2d 44, it was held by the District Court that a vehicle containing no liquors but used as an armed convoy or pilot and guard for two other vehicles containing the liquor was used in the removal or for the deposit or concealment of liquor. Also, in U. S. v. One 1938 Buick Sedan, D.C., 29 F.Supp. 752, it was held that an automobile employed as a convoy of a truck carrying sugar and yeast to be used in the manufacture of illicit alcohol was used in the removal of the sugar and yeast and subjected the automobile to forfeiture, although none of the materials were in the automobile. While in U. S. v. One Studebaker Sedan, D.C., 56 F.Supp. 809, Judge Kalodner, then District Judge, now Circuit Judge, Third Circuit, held that the mere use of an automobile as a lookout for another automobile being used for the removal, concealment or deposit of untaxpaid distilled spirits did not make the lookout automobile subject to forfeiture, it will be noted that the government there relied only upon Section 3321 of Title 26, and had not invoked the provisions of Section 3116 of Title 26. In U. S. v. One Dodge Sedan, 113 F.2d 552, the court of Appeals for the 3rd Circuit, held, inferentially at least, that the use of an automobile as a convoy for another vehicle containing alcohol subjects it to forfeiture for one of the defenses made was the absence of untaxpaid spirits in the convoy car. In U. S. v. One 1940 Model Ford Coupe Automobile [1] (C. A. No. 824) Western District of South Carolina (not reported), I held that the use of a vehicle to transport the operator of a distillery and a worker to the distillery subjected the automobile to forfeiture under the provisions of Section 3116, Title 26 U.S.C.A. In U. S. v. One 1941 Buick Coach Automobile, D.C., 85 F.Supp. 402, 404, Judge McDuffie, in the Southern District of Alabama, held that an automobile used by the seller of non-taxpaid distilled spirits in transporting himself on a part only of a trip to obtain untaxpaid spirits which he would deliver to others subjected the automobile so used to forfeiture, although there was no evidence of any distilled spirits having been in the automobile. In speaking of Section 3116 of Title 26 U.S.C.A., Judge McDuffie stated: "This statute provides for forfeiture of all property and in all cases where the evidence supports the conclusion that such property is used or intended to be used in violation of the Internal Revenue laws. It is all inclusive. No exception is made in the kind of property included therein nor is there any limitation placed on the manner of the use."

Counsel for the government may submit a proposed order of forfeiture.

---

1. No opinion for publication.