## UNITED STATES v. ONE FORD COACH, 1949 MODEL, et al.

### No. 6155.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 10, 1950.

Decided Oct. 18, 1950.

---

James B. Craven, Jr., Asst. U. S. Atty., Morganton, N. C. (Thomas A. Uzzell, Jr., U. S. Atty., Asheville, N. C., on the brief), for appellant.

John J. Mahoney, Jr., Shelby, N. C., for appellee.

Before SOPER and DOBIE, Circuit Judges, and TIMMERMAN, District Judge.

PER CURIAM.

The United States appeals from the judgment of the District Court that a 1949 Ford automobile had not been used to carry on the business of a liquor dealer without payment of the special tax thereon in violation of Section 3253, or in the removal, deposit or concealment of nontax paid distilled spirits in violation of Section 3321, and therefore was not subject to forfeiture under Sections 3116 or 3321 of the Internal Revenue Code.

On two occasions a man desiring to purchase nontax paid liquor was driven in a taxicab from Gastonia to a house in the mountain section of Gaston County, North Carolina, where one Bob Ivester, a seller of illicit liquor, resided. Ivester was told of the purpose of the call, and accompanied by the customer in the taxicab, drove a mile and a half to an abandoned barn where Ivester alighted from his car obtained a case of liquor from the barn and sold and delivered it to the customer who carried it away in the cab. None of the liquor was transported in Ivester's car on either occasion.

Subsequently the county officials searched the barn and found 50 gallons of non-tax paid whisky. Ivester and one Louis Flume, with whom Ivester lived at the time of these transactions, were tried in the Superior Court of Gaston County and convicted of the illegal possession of the whisky. Ivester and Mrs. Flume participated in the purchase of the Ford car which was registered in her name.

Upon these circumstances the District Judge held that the car was not subject to forfeiture under the statutes cited since it did not contain and was not used to transport non-tax paid whisky on either occasion.

Section 3321 provides for the forfeiture of any conveyance used in the removal, deposit or concealment of any commodity subject to federal tax with intent to defraud the United States of such tax. The United States contends upon the authority of United States v. One Dodge Sedan, D. C.Cal., 28 F.2d 44, that Section 3321 justifies the forfeiture sought herein. In that case an automobile which contained no intoxicating liquor, but was used as an armed convoy or pilot and guard for three other cars which were loaded with illicit goods, was forfeited under R. S. Section 3450 (now Section 3321), on the ground that it was clearly used to aid in the removal of the contraband articles. Obviously this decision has no relation to the present case since the Ford car in no way contributed to the removal of the liquor from the barn or to its subsequent transportation in the taxicab.

The United States, however, contends that Section 3116 is applicable since thereunder it is unlawful to possess any liquor or property intended for use, or which has been used, in violating the internal revenue laws. The government's position is that the automobile was used to carry on the business of a liquor dealer without payment of the special tax in violation of Section 3253 and that such use was unlawful and justified the forfeiture of the car under Section 3116 even though no liquor was physically transported therein.

Unquestionably a vehicle used in the business of a liquor dealer in violation of the revenue laws is subject to forfeiture under Section 3116, and we so held in Jarrett v. United States, 4 Cir., 184 F.2d 532, where an automobile used in the transportation of sugar to the site of an illicit still for the manufacture of whisky was held forfeitable to the United States. See also United States v. One 1942 Pontiac Sedan Automobile, D.C.E.D.Ill., 56 F.Supp. 929. The question, however, remains whether the District Judge was clearly wrong in holding that the use of the Ford car in suit on the two occasions above described was not sufficient to show that the car was used in violation of the revenue laws. In our opinion the question must be answered in the negative. It is true that statutes in support of the revenue are not to be given a strained or strict construction even if a forfeiture of the property of a claimant is sought. United States v. Ryan, 284 U.S. 167, 172, 52 S.Ct. 65, 76 L.Ed. 224; but in any case the moving party in litigation must produce substantial evidence to support his case and may not rely on mere surmise or conjecture. It is obvious that Ivester's car had no part in the activity at the abandoned barn, which consisted of the sale and delivery of the contraband goods; and that, although motor cars are widely employed in the concealment and transportation of illicit liquors, there is no proof of such a use in this case. The government rests entirely upon the fact that the seller of the whisky used his car on two occasions to drive from his home to what may be called his place of business. There are decisions in which the presence of a passenger car at the site of an illicit still to which it had conveyed men to set up the still and operate the business, or the use of a car, containing some articles indicative of the liquor business, to convey an illicit seller to the place of sale has been held sufficient to warrant a forfeiture. See United States v. One 1941 Buick Coach Automobile, D.C.S.D.Ala., 85 F.Supp. 402; United States v. One Ford Truck, D.C. Wyo., 3 F.Supp. 283; cf. United States v. One Plymouth Sedan, E.D.Pa., 45 F.Supp. 461, affirmed, 3 Cir., 135 F.2d 922. Nevertheless it is clear that every instrumentality employed by the operator of a business for his personal convenience does not thereby become an instrumentality of the business; and the evidence that the vehicle in this case was a part of the business enterprise is too slight to warrant a reversal of the judgment of the District Court.

Affirmed.