## ANDERSON v. UNITED STATES.

No. 13214.

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1950.

344

Wesley R. Asinof, Atlanta, for appellant.

J. Ellis Mundy, U. S. Atty., and Lamar N. Smith, Asst. U. S. Atty., Atlanta, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

BORAH, Circuit Judge.

This is an appeal from a judgment entered in an action of libel filed by the United States of America, in the United States District Court for the Northern District of Georgia for the purpose of condemning and forfeiting a certain Dodge (Army) Truck and Buick automobile which had theretofore been legally seized on land as the property of one William Ensley Anderson. There was no appearance or claimant on behalf of the truck and it is not involved in this proceeding. The appellant, William Ensley Anderson, as claimant of the automobile filed an answer to the libel and the cause was heard by a judge without a jury. Evidence was taken and on February 13, 1950 the court below rendered a final judgment condemning and forfeiting to the libellant the said automobile and further ordering that same be delivered to the District Supervisor, Bureau of Internal Revenue, Treasury Department, Alcohol Tax Unit, Atlanta, Georgia for official use. From this judgment and decree the owner and claimant of the automobile has appealed.

The libel of information was filed under 26 U.S.C.A. Internal Revenue Code, §§ 3116 and 3321. Section 3116 makes it unlawful to have or possess any liquor or property intended for use, or which has been so used, in violating the provisions of the internal revenue laws or regulations prescribed thereunder and provides for the seizure and forfeiture of such liquor or property in accordance with the laws relating to seizure and forfeiture of property for violation of the internal revenue laws. The plain meaning of this section is that the violation or intended violation of any valid internal revenue law or regulation relating to spirituous liquors gives rise to its operation and any property such as an automobile which is used or intended to be used in such violation is forfeitable thereunder. Kent v. United States, 5 Cir., 157 F.2d 1; United States v. Windle, 8 Cir., 158 F.2d 196; One 1941 Buick Sedan v. United States, 10 Cir., 158 F.2d 445; One Ford Tudor Automobile, 1946 Model v. United States, 5 Cir., 164 F.2d 1020; United States v. Ganey, 5 Cir., 183 F.2d 273.

The libel alleges that the automobile and truck when seized on July 20, 1949, were then and there used in violation of the internal revenue laws of the United States in that they were used in the removal, deposit and concealment of 159¼ gallons of nontax paid distilled spirits, one-quarter gallon and twenty gallons of which were in the automobile and truck respectively. The libel further alleges that the automobile and truck were used on July 20, 1949, in violation of the internal revenue laws of the United States in that the automobile and truck were used in the removal, deposit and concealment of 159¼ gallons of distilled spirits, of which one-quarter gallon was in the automobile and twenty gallons were in the truck, and on which distilled spirits the taxes imposed by the laws of the United States had not been paid with intent to defraud the

United States of such tax. Under the issues as framed the burden was upon the government to establish the material allegations of the libel, but it was not necessary to prove these allegations beyond a reasonable doubt. Lilienthal's Tobacco v. United States, 97 U.S. 237, 24 L.Ed. 901; Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684.

The substance of the evidence, so far as it is necessary to state it, is as follows: On July 18, 1949, Investigator Marvin Swann was proceeding in an automobile in the vicinity of Bremen, Georgia, at which time he met an ambulance-type truck, immediately followed by a 1949 Oldsmobile in which William Ensley Anderson was a passenger. After the Oldsmobile passed Anderson turned in his seat to observe Swann who, becoming suspicious, back-tracked the vehicles a distance of about fourteen miles to the vicinity of the home of Herman Cole. As a result of this other agents were called in to make a search in the vicinity and on July 20, 1949, they found a cache of 159 gallons of non-tax paid distilled spirits concealed in the edge of Herman Cole's cornfield, just off a rural public road in the rear of an old abandoned house.

Upon finding the cache two of the investigators established a watch over it and at about 7:55 P.M. they saw an ambulance-type truck pass the abandoned house and proceed up the road in the direction of Cole's home. About an hour thereafter they observed a 1949 Buick automobile with two occupants therein travelling in the same direction. The Buick proceeded up the public road and in about ten minutes after it was heard to stop at the home of Cole, the ambulance-type truck returned to the abandoned house and backed up to within a few steps of the cache of distilled spirits. Thereafter parties unknown began loading the distilled spirits into the truck. Within a few minutes after the loading operation had commenced the Buick returned and stopped in the public road in front of the abandoned house, whereupon one unknown party got out of the Buick, walked over to the ambulance, and started talking to the men who were loading the truck.

At this point the two investigators emerged from their place of hiding and arrested Anderson, who was sitting behind the steering wheel of his car. At the time of Anderson's arrest, he reached down to the floorboard of the automobile and brought up a one quart fruit jar containing distilled spirits which he crashed against the side of the car, the fruit jar pieces falling to the ground and the contents spilling on the car, the ground, and on investigator Swann. The one quart jar did not have affixed thereto a stamp or stamps showing that the taxes due the United States had been paid. When the investigators reached the truck the parties who had been loading the distilled spirits therein had escaped unidentified. The investigators found a total of 159 gallons of distilled spirits in the cache and truck, of this total amount twenty gallons was found in the truck. The containers holding the liquor found in the cache and in the truck did not have revenue stamps thereon showing that the taxes due the United States had been paid. At this time the ambulance-type truck and the Buick automobile were seized.

The question here is whether there was sufficient evidence to justify the findings of the judge forfeiting the automobile.

The trial court found that the automobile was used "in the removal, deposit and concealment of 159¼ gallons of distilled spirits on which the taxes due the United States had not been paid and were not intended to be paid in fraud against the United States." This finding we are unable to accept in its entirety. We agree that there was sufficient evidence to justify the finding that the automobile was used in the deposit and concealment of one-quarter gallon of tax-unpaid distilled spirits with the intent to defraud the United States of the tax. But we do not agree with the court below and are unwilling to hold that there was sufficient evidence to support his finding that

the automobile was used in the removal, deposit and concealment of the 159 gallons of distilled spirits found in the cache and truck. Our examination of the entire evidence leaves us with the definite and firm conviction that the trial judge was mistaken in finding that the circumstances of the case were sufficient to support this conclusion and to that extent the finding was "clearly erroneous". United States v. United States Gypsum Co., 333 U.S. 364, 369, 68 S.Ct. 525 92 L.Ed. 746. In rejecting this portion of the trial judge's finding, we do not reject his estimate of the credibility of the witnesses or the oral testimony which supports his findings, we differ from him only in respect to the reasonableness of the inference which he drew from the evidence—the inference of fact that the automobile was used in the removal, deposit and concealment of the quantity of distilled spirits which were not found therein.

■ The contention that the quantity of liquor involved was insufficient to condemn the automobile is without merit. Section 3321 clearly contemplates that every person who removes, or deposits, or conceals, or who is concerned either in removing, or depositing, or concealing *any* tax-unpaid goods with intent to defraud the United States of such tax *or any part* thereof is guilty of the crime denounced by the statute and every conveyance whatsoever and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited. Under this section the vehicle is the offender and must be forfeited if there is a guilty intent on the part of the one who used it.

There is no merit in the further contention that the proof of intent to defraud the government was insufficient.[1] In the case of United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 157, 71 L.Ed. 279, the Court in a discussion of § 3450, Rev. St., from which § 3321, 26 U.S.C.A. is derived, said: "If the intent to defraud the United States of the tax is established by any competent evidence, a use of the vehicle for the purpose of concealment satisfies the requirement of section 3450, even if it appears that the offender obtained it, not from a distillery, bonded warehouse, or importer, but from a stranger."

■■ The intent necessary in the case may be inferred as a matter of circumstantial evidence from the facts. General Motors Acceptance Corporation v. United States, 8 Cir., 32 F.2d 121; One 1941 Ford ½ Ton Pickup Automobile Truck v. United States, 6 Cir., 140 F.2d 255. Anderson voluntarily appeared in the case as claimant and by way of answer denied that the automobile was used as alleged with intent to defraud the United States of the tax. The pertinent and controlling evidence was within his knowledge and it was within his power to explain the circumstances connected with the transaction, yet he declined to testify. "His silence may well count against him, as against any other civil litigant." Kent v. United States, supra, [157 F.2d 2].

It follows from the foregoing that the case should be affirmed, which accordingly is ordered.

HUTCHESON, Chief Judge, concurs in the result.

1. See The Czecho-Slovakia, 5 Cir., 58 F.2d 746; Busic v. United States, 4 Cir., 149 F.2d 794; United States v. One 1937 Model Ford Coach, etc., D.C., 57 F.Supp. 977.