## UNITED STATES v. JONES et al.

### No. 13710.

United States Court of Appeals
Fifth Circuit.

Feb. 7, 1952.

Rehearing Denied April 29, 1952.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., George Earl Hoffman, U. S. Atty., Pensacola, Fla., for appellant.

Wm. B. Watson, Jr., William N. Long, Gainesville, Fla., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment denying forfeiture of a motor vehicle allegedly used to violate the Internal Revenue laws. 26 U.S.C.A. § 2810(a). In July, 1950, two Alcohol Tax Unit Investigators and two Florida State Beverage Department Supervisors were proceeding, in the personal automobile of Saunders, one of the Supervisors, to a particular area of swamp wherein they suspected that an illicit still was being operated. Enroute, they passed within two to three hundred yards of a residence in front of which was parked a 1949 Mercury Coach. About a mile beyond the residence, the officers drove into a field, and three of them dismounted, leaving Saunders in the parked automobile. The officers proceeded on foot for about one-half a mile, when they came within sight of a still where three men were working. Two of the officers waited in the brush, while the third walked around to the opposite side of the still, in preparation for the apprehension of the operators of the still. In the meantime, while Saunders was waiting in the car, he saw a young man drive by, at a distance of about a hundred yards, in the 1949 Mercury. There were two women in the car, and one of them waved to Saunders. After the Mercury car had proceeded about a hundred yards further into the woods, its air horns were sounded in a series of two or three sharp, loud blasts. Seconds later, the series of horn blasts was repeated. The car passed out of Saunders' sight, but reappeared a few minutes later.

The three officers in the brush near the still testified that when the first series of horn blasts was heard, one of the operators of the still said, "Boys, that's the horn. That means get on the hill!" Two of the operators immediately ran into the woods, and were not apprehended; but the third, James Hulon Jones, was arrested as he departed from the still at a fast walk. The officers then rejoined Saunders, and proceeded to look for the Mercury car, which they found a few minutes later. Bolted to the fenders of the Mercury car was a set of air horns connected to a tank of compressed air, and it was these horns that had sounded in the vicinity of the still. One of the women passengers in the Mercury car was the wife of James Hulon Jones, and the residence in front of which the officers had first seen the car parked was the home of Mrs. Mary Jones, mother of James Hulon Jones.

The appellant filed a libel against the car, alleging that it had been used to warn the still operators of the approach of the officers, and that such use of the vehicle was within the forfeiture provisions of Sections 3116, 2810(a) and 2833(a) of the Internal Revenue Code, 26 U.S.C.A. §§ 2810(a), 2833(a), 3116. At the close of appellant's presentation of evidence, the ap-

pellee filed a motion to dismiss, which motion was granted and judgment given for the appellee.

The question for our decision is whether the Mercury automobile was property which was intended for use, or which had been used, in violation of the Internal Revenue laws within the meaning of the pertinent sections. We think that the facts surrounding the use of this car are not sufficient to authorize a forfeiture. Assuming that the car was used as a warning device, we find no cases wherein the statute has been extended to include such use of personal property as a basis for forfeiture. On the contrary, extension of the forfeiture provisions of the statute has been denied in the somewhat analogous case of an automobile being used as a lookout for other vehicles engaged in violation of the Internal Revenue laws, and in the case of an automobile used to transport the owner of a still to its location. United States v. One Studebaker Sedan, Motor No. H–17–5993, Serial No. 4226813, D.C., 56 F.Supp. 809; United States v. One Plymouth Sedan, D.C., 45 F.Supp. 461, affirmed in 135 F.2d 922.

Affirmed.