**UNITED STATES v. ONE 1948 PLYMOUTH SEDAN, etc.**

No. 10651.

Circuit Court of Appeals
Third Circuit.

Argued April 10, 1952.

Decided July 17, 1952.

Alexander Feinberg, Asst. U. S. Atty., Newark, N. J. (Grover C. Richman, Jr., U. S. Atty., Samuel Cohen, Attorney in Charge, Alcohol and Tobacco Tax Legal Division, Newark, N. J., on the brief), for appellant.

No brief and no oral argument for appellee.

Before BIGGS, Chief Judge, and GOOD-RICH and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

On June 18, 1951, the United States filed a libel to forfeit a Plymouth Sedan. The provisions of 26 U.S.C.A. § 3116,[1] (the Internal Revenue Code) were and are relied on to sustain forfeiture. On October 25, 1951, the court below dismissed the libel[2] and the United States has appealed. The sole question for determination is whether the sedan which was used only to transport the operator of an illegal whiskey still to and from his work was "property intended for use in violating [the internal revenue laws]".

The facts are not in dispute. Moore, owner of the car and its operator, was not

1. In pertinent part as follows: "It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws, or which has been so used, and no property rights shall exist in any such liquor or property." 53 Stat. 362. See United States v. 3935 Cases of Distilled Spirits, D.C., D.Minn., Fourth Div., 55 F.Supp. 84, wherein the legislative history is discussed.

2. The court below filed findings of fact and conclusions of law, but did not hand down an opinion.

the owner of the still. About twice a week for a period of six weeks, Moore drove the car from his home in Philadelphia to and from the premises on which the still was in operation in a building actually situated in the town of Glassboro, New Jersey—a distance of about 18 miles. The car was seized in broad daylight and on the day of seizure, an individual named "Joe" had driven the automobile.[3] Both bus and rail transportation were available as alternative means of transportation for Moore from Philadelphia to Glassboro and a man arriving by bus would have had to walk but two squares. From a statement made by Moore, introduced in evidence, it appears that the sedan was never used to transport either raw materials or finished whiskey. There was no evidence that Moore used the car to transport other workers to or from the still.

The court below decided that "* *. * the automobile in question was used solely for the personal transportation of its owner who had other convenient means of transportation * * *", and that there was "* * * no evidence that the owner of the automobile had at any time or intended in the future to transport other persons to work upon the still or transport any liquor materials or supplies for use in connection with said still". Accordingly the court below ruled that the United States had failed to prove a case for forfeiture.

The question before us cannot be answered simply by examining the face of the statute. For example, many kinds of property under conceivable conditions may be used as an adjunct to a violation of internal revenue laws. A fraudulent income tax return may be filled out and signed with a pen; it may then be delivered to a Collector in a private automobile. We do not understand the government to contend that under such circumstances either the pen or the car may be forfeited.

The United States contends, however, that the Plymouth Sedan was an integral part of an illegal business; that it carried a commodity of an importance equal to sugar, mash, or other raw materials in the successful operation of that business, viz.. the operator of the still himself, and that therefore the car is forfeitable We cannot agree.

In construing 26 U.S.C.A. § 3116, courts have uniformly predicated forfeiture of automobiles on evidence that they have been intended for use in carrying supplies,[4] raw materials,[5] lookouts employed in convoying other loaded vehicles,[6] or the finished contraband product.[7] Throughout many of the decisions recurs the ruling that a car, *used to transport materials intended for use in violating the internal revenue laws, is itself property used or intended for use in violating such laws.* The "convoy-lookout" cases, resolved in favor of the United States, present another aspect of the problem. See, for example, United States v. One 1950 Model Willys Jeep, D.C.W.D.S.C., 91 F.Supp. 822. But the employment of a "convoy-lookout" system in connection with the operation of a still constitutes an aspect different from any of the cases at bar, where an automobile was used solely as a convenient commuting device.

The Court of Appeals for the Sixth Cir-

3. There was no evidence that the person named "Joe" worked at the still. "Joe" remains otherwise unidentified.

4. United States v. Plymouth Coupe, D.C. W.D.Pa., 88 F.Supp. 93; Cf. United States v. One 1950 Ford Half-Ton Pickup Automobile Truck, 6 Cir., 195 F.2d 857.

5. Jarrett v. United States, 4 Cir., 184 F.2d 532; See United States v. One Plymouth Sedan, D.C.E.D.Pa., 45 F.Supp. 461, 462, affirmed per curiam, 3 Cir., 135 F.2d 922.

6. United States v. One 1950 Model Willys Jeep, D.C.W.D.S.C., Greeneville Div., 91

F.Supp. 822. Compare United States v. One Plymouth Sedan, 3 Cir., 135 F.2d 922, affirming 45 F.Supp. 461, D.C.E.D. Pa., and United States v. One Studebaker Sedan, D.C.E.D.Pa., 56 F.Supp. 809, with United States v. One Dodge Sedan, 3 Cir., 113 F.2d 552 and United States v. One Dodge Sedan, D.C.D.Calif., 28 F.2d 44.

7. Kent v. United States, 5 Cir., 157 F.2d 1; United States v. Windle, 8 Cir., 158 F.2d 196; One 1941 Buick Sedan v. United States, 10 Cir., 158 F.2d 445; United States v. One 1942 Pontiac Sedan Automobile et al., D.C.E.D.Ill., 56 F. Supp. 929.

cuit has expressly taken the view that a truck used for the transportation of a still operator from the still to his home is a sufficient basis for forfeiture. In United States v. One 1950 Ford Half-Ton Pickup Automobile Truck, 6 Cir., 195 F.2d 857, 859–860, that court stated: "We think it a justifiable interpretation of the statute to include within its forfeiture provisions the use by a distillery operator of an automobile as a means of transportation to and from an illegally operated distillery." [8] In the cited case, the trial judge had found that the operator of a still hidden in a woody area admitted not only that the truck had been used " ' * * * for the purpose of going to the still in order that he could operate the still * * * ' " but also that on the day of the seizure " '* * * he [the operator] intended to use the * * * truck for the purpose of returning home after he had operated the still * * *.' " [9] However, in United States v. One Ford Coach, 1949 Model, 4 Cir., 184 F.2d 749, the Court of Appeals for the Fourth Circuit took a position directly contrary to that expressed by the Sixth Circuit.

Though the decision of the Court of Appeals for the Sixth Circuit is entitled to great respect we prefer the view expressed by the Court of Appeals for the Fourth Circuit. The evidence in the case at bar indicates that the Plymouth Sedan was employed for the personal convenience of the still operator, Moore, rather than an instrumentality of the business. To hold otherwise would, we think, result in many unnecessary complexities, and if the doctrine enunciated by the Sixth Circuit were applied to other fields embraced by the internal revenue laws the revenue itself would be affected. For example, persons engaged in legitimate businesses and employing their cars for transportation to and from their homes and their places of business might

be entitled to deductions. Not every instrumentality employed by the operator of a business for his personal convenience in going to work becomes an instrumentality of the business. We think that the employment by Moore of the Plymouth Sedan in the instant case falls outside the forfeiture area.

Accordingly, the judgment of the court below will be affirmed.

8. See also United States v. One Ford Truck, D.C.D.Wyo., 3 F.Supp. 283; United States v. One 1941 Buick Coach Automobile, D.C.S.D.Ala., Southern Div., 85 F.Supp. 402.

9. There was also evidence that the still operator admitted that " * * * he had used the truck * * * to haul supplies to the still site. * * * " See 195 F.2d at p. 858. The Court of Appeals for the Sixth Circuit, however, did not base its ruling upon this fact, which was denied.