**UNITED STATES v. ONE 1952 LINCOLN SEDAN, MOTOR NO. 52LP22535H (MERCHANTS NAT. BANK OF MOBILE, Intervenor).**

No. 14897.

United States Court of Appeals, Fifth Circuit.

June 4, 1954.

Jesse W. Shanks, Asst. U. S. Atty., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for appellant.

James L. May, Jr., Mobile, Ala., Mc-Corvey, Turner, Rogers, Johnstone & Adams, Mobile, Ala., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES, and BORAH, Circuit Judges.

BORAH, Circuit Judge.

The United States has appealed from the dismissal by the court below of the libel filed against a 1952 Lincoln Sedan for forfeiture, because of its use in violating the provisions of Section 3116 of the Internal Revenue Code, 26 U.S.C.A. § 3116. The district court, after a hearing, filed its findings of fact and conclusions of law and entered its judgment dismissing the libel and directing that the seized automobile be restored to the possession of the claimant Merchants National Bank of Mobile, Mobile, Alabama, and to purchaser Kenneth A. Fernandez jointly. The district court found that on December 8, 1952, the Lincoln Sedan was being used as a convoy or decoy car for one 1950 Ford Pick Up Truck, which was transporting 150 gallons of non-tax paid whiskey in one gallon jugs on which no stamps were affixed denoting the quantity and evidencing the payment of revenue taxes; that in addition to being used as a convoy or decoy car the Lincoln Sedan was used to block the federal officers' pursuit of the offending truck with the intent and purpose to aid the truck driver to escape with the non-tax paid whiskey.

The trial court found among other things the following:

"The Court finds as a fact that at no time did the Lincoln car here in controversy ever offend in any way, except as a convoy or decoy car, or aiding and abetting in the commission of a crime, when it undertook to interfere with the arrest of the truck that was being pursued.

"The Court finds as a fact that when Officer Barcus was pursuing the truck containing the liquor that Officer Barcus used his siren and that the driver of the Lincoln car, W. P. Fernandez, knew he was being pursued by the officer and that his purpose in blocking or attempting to block, as much as he could, the progress of the officer was to aid the truck in its efforts to escape. This Lincoln car on two other occasions had followed this same truck, but there is no evidence as to whether this truck was on those two occasions conveying whiskey, though the fair inference is, from all of the testimony, that it was conveying whiskey and that the Lincoln was watching the truck."

The conclusions of law of the district court were thus stated:

"1. The Court concludes as a matter of law that the Lincoln automobile here in controversy is not

subject to forfeiture; that it was not violating any of the laws which would bring it within the statutes which require the forfeiture of an automobile or other vehicle. The case is governed by a recent decision of the Supreme Court of the United States and by the recent decision of the Court of Appeals of the Fifth Circuit, being the case of Graham Motor Company, wherein it was held that the automobile in that case was aiding in the manufacture of whiskey at a still in that it gave sounds and warnings to the operators of the still that the officers were there present and proceeding toward the still, and did aid and permit the offenders at the still to escape. The Court, in that case, held that the car, while sounding the warning, was not forfeitable, upon the theory that it was simply aiding and abetting and was not concealing any of the forbidden articles.

"2. The Court concludes as a matter of law that if the Court is wrong that the automobile should not be forfeited, and that if, as a matter of law, under the facts as found herein, the Lincoln car is to be forfeited, then the claim of the Merchants National Bank of Mobile, as Intervenors, must be denied for the reason that it failed to make inquiry of the officers mentioned in the Federal Statute, and when it fails to make inquiry and to receive a negative answer, it then assumes the risk, and if the purchaser of the automobile does have a reputation, even only with the policemen, still the Court is without jurisdiction to remit the forfeiture.

"So, that in the case now before the Court, the Court will dismiss the libel and direct that the Lincoln automobile be returned to the Merchants National Bank of Mobile and to Kenneth Fernandez jointly; and that no cost be taxed in the case."

In our opinion, the district court committed reversible error in dismissing the libel. Its view of the applicable law was based upon the erroneous belief that the case of United States v. Lane Motor Co., 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622, and our opinion in United States v. Jones, 5 Cir., 194 F.2d 283, were controlling and compelled the conclusions that the automobile was not forfeitable under the provisions of Section 3116 of Title 26 U.S.C.A. This section in pertinent part, authorizes the seizure and forfeiture of "property intended for use in violating * * * the internal-revenue laws, or regulations prescribed under such * * * laws, or which has been so used, and no property rights shall exist in any such liquor or property. * * *"

In United States v. Lane Motor Co., supra, the district judge found that the truck and automobile there involved had each been used by the operator of an illegal distillery to drive a number of miles from his home to a point one-half mile or more from the distillery, the operator walking from that point to the distillery. The district judge also found that the Government had not shown, as it had alleged, that the vehicles had been used for transporting raw materials, utensils, and vessels for use at the distillery, and ruled that the facts shown did not justify a forfeiture. The Court of Appeals for the Tenth Circuit affirmed and the Supreme Court granted certiorari and affirmed the judgment. In a short Per Curiam opinion the Supreme Court stated the facts as we have set them out and said: "We think it clear that a vehicle used solely for commuting to an illegal distillery is not used *in* violating the revenue laws." But this decision is not dispositive of the issue here for the reasons which the Court of Appeals for the Tenth Circuit carefully pointed out in its opinion.[1] We quote approvingly from that decision the following:

"The statute brings within its sweep automobiles used in transporting raw materials or supplies in-

---

1. United States v. Lane Motor Co., 10 Cir., 199 F.2d 495.

tended for use in the operation of a distillery in violation of the revenue laws; automobiles used in transporting the finished contraband from such a distillery; and automobiles used as lookouts in convoying other vehicles employed in transportation of that kind. United States v. One 1948 Plymouth Sedan, 3 Cir., 198 F.2d 399. But neither of the vehicles involved in these actions was used for any of those purposes. No raw materials or supplies intended for use in connection with the operation of a distillery in violation of law were transported in either of these vehicles. No finished product of such a distillery was transported in them. They were not employed for lookout purposes in convoying other automobiles used for transportation of that kind. Neither of them was otherwise used as an instrumentality in the operation of the illicit distillery. And there was no showing whatever that either of them was intended for any of such uses. They were merely employed as a convenient and conventional means of transporting the operator of the distillery from his home to a point quite removed from the site of the distillery. An automobile used only for that purpose, and bearing no other actual or intended relation to the operation of an illicit distillery or in furtherance of the illegal activity inhering in its operation, is not subject to seizure and forfeiture under section 3116. United States v. One Ford Coach 1949 Model, 4 Cir., 184 F.2d 749; United States v. One 1948 Plymouth Sedan, supra. * * *"

The Court of Appeals for the Third Circuit in United States v. One 1948 Plymouth Sedan, 198 F.2d 399, 400, held in accord with the Tenth Circuit. There the sole question for determination was whether the automobile which was used only to transport the operator of an illegal whiskey still to and from his work was property intended for use in violating the Internal Revenue Laws. In considering this question the court said:

"In construing 26 U.S.C.A. § 3116, courts have uniformly predicated forfeiture of automobiles on evidence that they have been intended for use in carrying supplies, raw materials, lookouts employed in convoying other loaded vehicles,[6] or the finished contraband product. Throughout many of the decisions recurs the ruling that a car, *used to transport materials intended for use in violating the internal revenue laws, is itself property used or intended for use in violating such laws.* The 'convoy lookout' cases, resolved in favor of the United States, present another aspect of the problem. See, for example, United States v. One 1950 Model Willys Jeep, D.C.W.D.S.C., 91 F.Supp. 822. * * *"

"[6] United States v. One 1950 Model Willys Jeep, DC.W.D.S.C., Greenville Div., 91 F.Supp. 822. Compare United States v. One Plymouth Sedan, 3 Cir., 135 F.2d 922, affirming D.C.E.D.Pa., 45 F.Supp. 461, and United States v. One Studebaker Sedan, D.C.E.D.Pa., 56 F.Supp. 809, with United States v. One Dodge Sedan, 3 Cir., 113 F.2d 552 and United States v. One Dodge Sedan, D.C.D.Cal., 28 F.2d 44."

In Kent v. United States, 5 Cir., 157 F.2d 1, we sustained a judgment of forfeiture of a truck which had been libeled under Section 3116 for forfeiture because of intended use in violation of revenue laws relating to selling liquor at wholesale without registering, paying special tax and keeping required records, although there actual wholesale lot transactions had previously been made, and the government contended that the transaction in progress at the time of seizure was similar.

Section 3116 authorizes forfeiture on proof merely of intent to com-

mit a crime. As we stated in Anderson v. United States, 5 Cir., 185 F.2d 343: "The plain meaning of this section is that the violation or intended violation of any valid internal revenue law or regulation relating to spirituous liquors gives rise to its operation and any property such as an automobile which is used or intended to be used in such violation is forfeitable thereunder. Kent v. United States, 5 Cir., 157 F.2d 1; United States v. Windle, 8 Cir., 158 F.2d 196; One 1941 Buick Sedan v. United States, 10 Cir., 158 F.2d 445; United States v. Ganey, 5 Cir., 183 F.2d 273." The statute does not place any express limitation on the manner in which property intended for use in violation of the revenue laws is employed nor does it require in terms that the liquor be transported in the automobile. We think it a justifiable interpretation of the statute to include in its forfeiture provisions an automobile used as a lookout in convoying another vehicle transporting contraband, and so hold. Our opinion in United States v. Jones, supra, involved a wholly different factual situation and is not to the contrary.

The judgment of the district court is Reversed; and it is ordered that the decree of forfeiture of the automobile against which the libel was filed be entered as prayed in the libel filed by the United States Attorney and that the claim of the intervenor be denied for the reason that the court was without jurisdiction to remit the forfeiture.

HUTCHESON, Chief Judge (dissenting).

With deference I cannot agree with the opinion of the majority that Section 3116 renders forfeit an automobile used by its owner as a convoy, look out, decoy, or lure to facilitate his successful transportation in other vehicles of liquor or other contraband, by helping them elude pursuit, when there is no proof whatever that the automobile was an in rem violator in the sense of hauling, concealing, or otherwise harboring contraband.

To me it seems clear that in rejecting the conclusions of the district judge and the reasoning on which they are based, that it was not so forfeit, the majority is but seeking to breathe new life into a mistaken conception which had considerable district court and some appellate backing until its ghost was laid in United States v. Lane Motor Co., 344 U.S. 630, 74 S.Ct. 459, 97 L.Ed. 622. There, it seems to me, the court in and by its very laconicism made clearer than a multitude of words could have done the true meaning and effect of Section 3116 when viewed as the instrument and means of forfeiture. This is that, in joining "liquor" and "property" intended for "use", subject to forfeiture, the statute deals with liquor and property alike as a res, which, having itself offended against, became forfeit to the law and subject to be declared forfeit in an in rem proceeding. It does not deal with it as, or provide that it becomes, subject to forfeiture because of the personal wrongful activities and wrong doings of its owner or driver. On the contrary, in the case of a car, the forfeiture provided for follows automatically from its in rem use, that is from the use of the car to handle, haul, remove or conceal contraband, wholly independently of the intention or knowledge of the driver, custodian, or owner, that the car is being or has been so used. This being so, it must, I think, be conceded that if the car is not so used, the fact that in committing a crime, the owner or driver of the car used it in aid of his criminal activities, such as going to and returning from the scene of his crimes, aiding others in the commission of a crime as a look out, or otherwise, or using it as an escape vehicle, cannot, under Section 3116, be imputed to the car so as to make it an in rem violator of the Internal Revenue laws, and, therefore, forfeit.

As clearly pointed out by the majority in United States v. Dixon, 347 U.S. 381, 74 S.Ct. 566, 98 L.Ed. ——, a case dealing with the possession of contraband and, therefore, forfeited articles, Sec. 3116 has two aspects, each distinct from the

other. One of these is its aspect as an in rem or civil statute of forfeiture, making the in rem violator forfeitable in rem. The other is its aspect as an in personam criminal statute, denouncing a criminal offense and making the offender liable personally for it.

With deference, it seems to me that the opinion of the majority in this case and the inability of the minority in the Dixon case to go along with the opinion of the majority in that case proceeds from the failure to give effect to the distinction between the civil and criminal sanctions imposed by Sec. 3116. The civil sanctions fixed for the in rem violation of the act are automatically imposed upon the in rem violator. The criminal sanctions fixed for personal violations of the act are imposed upon the person intentionally violating it.

I think the judgment should be affirmed, for the reasons given by the district judge. I dissent from the reversal of his judgment.