The **FIRST NATIONAL BANK OF ATLANTA, Claimant, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 16689.

United States Court of Appeals
Fifth Circuit.

Nov. 1, 1957.

Rehearing Denied Dec. 10, 1957.

J. Norwood Jones, Jr., Maymie Norwood Jones, Atlanta, Ga., for appellant.

James W. Dorsey, U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

By this appeal the appellant bank seeks a reversal of the decision of the United States District Court for the Northern District of Georgia in ordering the forfeiture of a Cadillac automobile on which the bank held a security lien. The libel charged that the automobile had been used in the removal, deposit, and concealment of 42 gallons of whiskey in breach of Sec. 7301 and 7302 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 7301, 7302, in that, though no whiskey was carried or concealed in it, it was used in blocking the street for, and thereby assisting another car which had concealed in it the nontax-paid whiskey in question.

The district judge found that the Cadillac was used as a look-out in convoying the Chevrolet automobile to the home of Clarence Brown and to block traffic so that the driver of the Chevrolet in which 42 gallons of nontax-paid liquor was being transported could loop out into the street and make a right turn into the driveway of the Clarence Brown home. He concluded that, within the decision in United States v. One 1952 Lincoln Sedan, 5 Cir., 213 F.2d 786, the Cadillac car was being used in violation of the invoked statutes and, on the basis of these findings and conclusions, ordered the car forfeited. He denied the claim for remission of forfeiture filed by Ruth Crocket on the ground that she knew that her husband had been convicted for violation of liquor laws and, knowing this, she had loaned him the Cadillac car.

Treating appellant bank's claim as one for remission of forfeiture, rather than as one denying that a case for forfeiture was made out, and denying its claim on

the ground that the bank was not a purchaser in good faith, not having made the inquiry required by Sec. 3617(b), Title 18, U.S.C.A., his opinion concluded thus:

"It is not a matter of discretion. The Court has no right to grant remission or mitigation of forfeiture here and the claim of the First National Bank for remission or mitigation of forfeiture must be and is denied."

The bank does not contest the view of the district judge that if the car was forfeitable, the bank would not, under the statute, be entitled to a remission of the forfeiture. On the other hand, it urges upon us that the evidence on which the judgment of forfeiture was predicated, viewed in the light most favorable to the district judge's conclusion, brings the case not within our case of United States v. One 1952 Lincoln Sedan, 5 Cir., 213 F.2d 786, but within that of United States v. Jones, 5 Cir., 194 F.2d 283 and United States v. Lane Motor Co., 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622. In the Jones case it was alleged that the car was aiding in the transportation of illegal whiskey in that the operator of said automobile did use air horns attached to his automobile by giving a certain series of blasts to warn persons working at a still of the approach of federal officers. In the Lane case the car was used to drive the owner of an illicit still to its location.

We agree with appellant that the evidence in this case does not, any more than the evidence in those cases did, show that the car was being so used as to subject it to forfeiture. So agreeing, we order the judgment reversed and the cause remanded with directions to deny the forfeiture.

BORAH, Circuit Judge (dissenting).

I think that the court below reached the right conclusion and that its judgment should be affirmed.

Rehearing denied: BORAH, Circuit Judge, dissenting.